Filed 8/12/15  Certified for Publication 8/31/15 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| IN RE ACKNOWLEDGMENT CASES | E058460 |
| | (Super.Ct.No. JCCP4412) |
| | OPINION |
| IN RE ACKNOWLEDGMENT CASES | E060572 |

APPEAL from the Superior Court of Los Angeles County.  Elihu M. Berle, Judge.

Affirmed in part; reversed in part with directions.

The Law Offices of Jon Webster, Jon Webster, James A. Arcellana, Raymond M. Yetka and Cody Stroman for Defendants and Appellants.

No appearance by Defendant and Appellant Paul Yoon, in pro. per.

1

Michael N. Feuer, City Attorney, Amy Jo Field, Assistant City Attorney, Gregory P. Orland, Brian I. Cheng, Juliann Anderson and Lisa S. Berger, Deputy City Attorneys, for Plaintiff and Respondent.

INTRODUCTION

The City of Los Angeles (the city), requires that all newly hired police officers attend and graduate from the Los Angeles Police Academy. In the early 1990's, the city realized that many officers who graduated from the academy were leaving within a few years to join other law enforcement agencies. The city sought to find a way to curtail the attrition. The city enacted Los Angeles Administrative Code section 4.1700 (hereafter LAAC § 4.1700), which provides, in part, that any police officer hired by the Los Angeles Police Department (LAPD) is required to reimburse the city a prorated portion of the cost of training at the academy if he or she voluntarily leaves the LAPD after serving less than 60 months following graduation and goes to work for another law enforcement agency within one year after terminating employment with the LAPD. LAAC section 4.1700 further provides that upon application for a job as a police officer, the applicant shall sign an agreement stating that he or she intends to maintain employment with the LAPD for at least 60 continuous months and agreeing to reimburse the city for the direct and indirect costs of training if he or she leaves the LAPD within five years after graduation and becomes employed by another law enforcement agency

2

within one year after leaving the LAPD. (LAAC § 4.1700.)[1] The agreement is called "the acknowledgment."[2]

This case is a coordinated action involving 43 former officers of the LAPD, all but three of whom were successfully sued by the city for breach of the acknowledgment. Judgment was also entered against the former officers, referred to hereafter collectively as appellants, on their cross-complaint. On appeal in case No. E058460, they contend that the acknowledgement fails as a contract for lack of consideration, but that if there was a contract, it was unenforceable as contrary to multiple state and federal laws. We agree in part with appellants' contention that LAAC section 4.1700 violates Labor Code section 2802, and we conclude that, under the particular circumstances of this case, the acknowledgment is entirely void pursuant to Labor Code section 2804. Because these conclusions are dispositive, we do not address the remaining issues appellants raise. We also affirm the judgment in favor of the city on appellants' cross-complaint.

---

[1] The parties stipulated that exhibit 51, admitted at trial, is the version of LAAC section 4.1700 which was operative on the dates that the four representative defendants signed the acknowledgment (Apr. 13, 1998 (Alvo); Sept. 27, 1999 (Murdoch); Nov. 7, 2001 (Marsh); and Mar. 10, 2003 (Ramos)). The pertinent portion of the operative ordinance, as reflected in exhibit 51, provides:

"1. Any Police Officer of the Los Angeles Police Department who receives basic recruit training and any Police Specialist who receives lateral training at the Los Angeles Police Department Police Academy shall reimburse the Police Department for the estimated costs of that training should he/she voluntarily leave the Department before having served sixty continuous months following successful completion of such training and, within a year thereof, become employed by another law enforcement agency."

[2] The full title of the document is "Acknowledgment of Los Angeles Police Department's Intent To Seek Reimbursement Of Costs Of Basic And Lateral Training, And Agreement To Repay Pro-Rated Costs Of Training."

While the appeal in case No. E058460 was pending, the city filed an appeal from the trial court's ruling denying its motion for attorney fees. (Case No. E060572.) We consolidated the two cases. Because we reverse the judgment on the city's complaint and order entry of judgment in favor of all defendants, we will dismiss the appeal in case No. E060572 as moot.

PROCEDURAL HISTORY[3]

On August 9, 2001, the city filed a complaint in the San Bernardino County Superior Court for breach of contract, quantum meruit and fraud against Anthony Alvo, a resident of that county, alleging that Alvo was required by the terms of the acknowledgment to reimburse the city $34,000. Alvo answered the complaint, denying the allegations and asserting multiple affirmative defenses, including the assertion that the acknowledgment violated Labor Code section 2802. Alvo and Daniel Fernandez filed a cross-complaint and then a first amended cross-complaint, on behalf of themselves and others similarly situated. Fernandez was also a former LAPD officer who had signed the

---

[3] This is the second time this matter has come before this court. In *In re Acknowledgment Cases* (Mar. 13, 2008, E040511) (nonpub. opn.), we held that the defendants' appeal from an order denying their motion to certify their cross-complaint as a collective action under title 29 United States Code section 216(b) was premature. We remanded the cause for further proceedings. Although most of the pertinent facts are contained in the statement of decision filed in this case, a few background facts are not. Accordingly, we will refer from time to time to our opinion in case No. E040511 as "*Acknowledgment Cases I.*"

acknowledgment, and the city had threatened him with legal action.[4] The city then filed breach of contract claims in Los Angeles County against additional defendants. Alvo and Fernandez sought to have all of the lawsuits litigated in a coordinated proceeding in San Bernardino County. The Chair of the Judicial Council authorized coordination of the suits. The assigned coordination motion judge ordered coordination of the five cases, and recommended that the cases be tried in Los Angeles County, outside the city limits of the City of Los Angeles. The coordination motion judge designated this court as the court for any writ or appellate proceedings.[5] Seven additional "add-on" cases, which had by then been filed, were stayed until a coordination judge had been appointed in Los Angeles County and had ruled on the appropriateness of coordinating the add-on cases. (*Acknowledgment Cases I*, *supra*, E040511.)

The Honorable Daniel Solis Pratt, sitting in Norwalk, was assigned as the coordination judge. Judge Pratt ordered what was by then a total of 34 cases coordinated. However, he ordered the litigation to proceed only on the original five cases. The remaining cases, and any additional cases filed thereafter, which would also be joined in

---

[4] As of April 30, 2002, the date of filing the first amended cross-complaint, the city had not yet filed suit against him. The city later filed suit against a Daniel Fernandez.

[5] Section 404.2 of the Code of Civil Procedure provides that the coordination motion judge shall select the reviewing court having appellate jurisdiction if the actions to be coordinated are within the jurisdiction of more than one appellate court. In contrast, the coordination motion judge merely recommends to the Chair of the Judicial Council a particular superior court for trial of the coordination proceedings. (Cal. Rules of Court, rule 3.530(a).)

the coordinated actions, would be stayed pending resolution of the five original cases. (*Acknowledgment Cases I*, *supra*, E040511.)

Thereafter, Alvo and Fernandez filed a motion to certify the cross-complaint as a collective action pursuant to title 29 United States Code section 216(b). Judge Pratt denied the motion. (*Acknowledgment Cases I*, *supra*, E040511.) Alvo and Fernandez filed a notice of appeal from the order denying certification. (*Ibid.*) We held that the order was not appealable as a final judgment because it did not terminate the action as to all putative class members. (*Ibid.*)

Following remand to the superior court for further proceedings, four cases were selected for trial. The defendants in those cases were Anthony Alvo, Duncan Murdoch, Randall Marsh and Juan Ramos. The operative pleadings were the city's complaint against each defendant, an amended consolidated answer, an amended consolidated cross-complaint, and the city's answer to the cross-complaint.

Trial was conducted primarily on the parties' briefing, exhibits and argument. The parties stipulated to allow testimony limited to cross-examination of opposing witnesses. The parties stipulated that the judgment would apply to all pending cases. Following trial, the court issued its statement of decision and entered judgment in favor of the city against the representative defendants, except defendant Murdoch, as to whom the court found the complaint time-barred. Judgment was entered as to the four representative defendants. That judgment was later vacated, and the parties stipulated to a final judgment on all pending cases, incorporating the terms of the original judgment and stating the amount awarded to the city with respect to each defendant who was found

6

liable to the city. The stipulated judgment also provided that in addition to Murdoch, defendants Daniel Baltazar and Marc Gonzales were awarded judgment against the city. The judgment awarded costs and attorney fees to Murdoch, Baltazar, and Gonzales, and to the city with respect to the remaining defendants.

This appeal followed.

<u>LEGAL ANALYSIS</u>

1.

LAAC SECTION 4.1700 AND THE ACKNOWLEDGMENT ARE VOID TO THE EXTENT THAT THEY PROVIDE FOR REIMBURSEMENT OF TRAINING OTHER THAN STATUTORILY MANDATED BASIC "POST" TRAINING

Both as an affirmative defense and as a cause of action in their cross-complaint, appellants contend that the acknowledgment and its source, LAAC section 4.1700, run afoul of Labor Code sections 2802 and 2804. The trial court found otherwise. Appellants reassert this contention on appeal. We agree, in part.[6]

Labor Code section 2802, subdivision (a), provides, in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ." Appellants contend that because the LAPD requires all newly hired officers to attend its academy, the cost of the academy is a necessary expenditure incurred as a direct

---

[6] We review independently both the interpretation of a statute (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432) and the application of a statute to undisputed facts (*International Engine Parts*, *Inc. v. Feddersen & Co.* (1995) 9 Cal.4th 606, 611).

7

consequence of the discharge of the officer's duties, and that LAAC section 4.1700 and the acknowledgment are therefore void. The city responds that because appellants did not pay for their training, they did not incur any out-of-pocket expense. However, the city then contradicts itself by acknowledging that appellants did become liable for a portion of the cost of their training because they failed to abide by the terms of the acknowledgment. The city also contends that Labor Code section 2802 does not apply because the training recruits receive is mandated by law under the Peace Officer Standards and Training (POST) legislation. (Pen. Code, §§ 832, 13510 et seq.)

Labor Code section 2802 does not explicitly provide that costs of employee training are to be borne by the employer, nor does it expressly exclude training costs from "necessary expenditures or losses incurred by the employee" in direct consequence of the discharge of the employee's duties. (Lab. Code, § 2802, subd. (a).) We have found no cases addressing training as a cost covered by Labor Code section 2802. Accordingly, the statute contains an unresolved ambiguity on this point. In interpreting a statute, a court's task is to attempt to discern and give effect to the Legislature's intent. (*Ross v. California Coastal Com.* (2011) 199 Cal.App.4th 900, 922.) Where the language of a statute is ambiguous, the court may look to outside sources to assist it in that task. (*Ibid.*) Although courts have the final responsibility for interpreting a statute, an administrative agency's interpretation of a statute involving its area of expertise is entitled to great weight. (*Ibid.*) Indeed, a court must defer to the agency's interpretation of such a statute unless that interpretation contradicts the clear language and purpose of the statute. (*Id.* at p. 938.)

8

With respect to the question of liability for training costs under Labor Code section 2802, the Department of Industrial Relations, Division of Labor Standards Enforcement, or DLSE, has stated as follows:

"There is generally no requirement that an employer pay for training leading to licensure or the cost of licensure for an employee. While the license may be a requirement of the employment, it is not the type of cost encompassed by Labor Code [section] 2802. The most important aspect of licensure is that it is required by the state or locality as a result of public policy. It is the employee who must be licensed and unless there is a specific statute which requires the employer to assume part of the cost, the cost of licensing must be borne by the employee.

"There may be situations, however, where licensure is not actually required by statute or ordinance but the employer requires either the training or the licensing (or both) simply as a requirement of employment. In that case, the provisions of Labor Code [section] 2802 would require the employer to reimburse the cost." (DLSE Op. Ltr. (Nov. 17, 1994) at p. 1, fn. omitted.)

We agree with the DLSE's analysis. As noted above, we have found no cases which address whether training costs fall under Labor Code section 2802. However, it is established that the broad purpose of Labor Code section 2802 is to require an employer to bear all of the costs inherent in conducting its business and to indemnify employees from costs incurred in the discharge of their duties for the employer's benefit. (See *Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 952 and cases cited therein.) It is consistent with this purpose to require that where an individual must, as a matter of

9

law, have a license to carry out the duties of his or her employment, the employee must bear the cost of obtaining the license. It is also consistent with this purpose to require an employer to bear the cost of training which is not required to obtain the license but is intended solely to enable the employee to discharge his or her duties.

A POST certificate is a statutory prerequisite to exercising the powers of a peace officer in California:

"(a) Every person described in this chapter as a peace officer shall satisfactorily complete an introductory training course prescribed by the Commission on Peace Officer Standards and Training. On or after July 1, 1989, satisfactory completion of the course shall be demonstrated by passage of an appropriate examination developed or approved by the commission. . . . [¶] (b) [¶] (1) Every peace officer described in this chapter, prior to the exercise of the powers of a peace officer, shall have satisfactorily completed the training course described in subdivision (a). [¶] (c) Persons described in this chapter as peace officers who have not satisfactorily completed the course described in subdivision (a), as specified in subdivision (b), shall not have the powers of a peace officer until they satisfactorily complete the course." (Pen. Code, § 832, subds. (a), (b), (c).) POST certification is deemed by the Legislature to be a "professional certificate," (Pen. Code, § 13510.1, subd, (a)), and is in effect licensure to act as a peace officer.

Moreover, the POST commission, not the individual police agency, sets the standards for training and certification of city police officers and other peace officers. (Pen. Code, § 832, subd. (a).) And, POST training and certification is not exclusively available through a police agency or exclusively available to individuals who have been

10

accepted as recruits by a police agency. On the contrary, any individual may obtain the required training, testing and certification from any institution approved by the POST commission. (Pen. Code, §§ 832, subd. (g), 13511.) Approved training facilities include community colleges throughout the state. (See Cal. POST list of basic training academies <http://www.post.ca.gov/basic-training-academies.aspx> [as of Aug. 12, 2015].)

For these reasons, we conclude that basic POST certification training is not employer-mandated training, as described by the Division of Labor Standards Enforcement, and is not an expense of discharging the duties of employment, within the meaning of Labor Code section 2802, but is rather an expense which is to be borne by the individual officer. (DLSE Op. Ltr. (Nov. 17, 1994) at p. 1.)

Local police agencies may, however, establish standards for selection and training of peace officers which exceed the minimum standards established by the POST commission. (Pen. Code, § 13510, subd. (d).) At trial, the city emphasized that its academy provides training in excess of the basic POST training that is available through community colleges. The city's academy training consists of 644 hours of POST training and 420 hours of "department required" training. The department-required training addresses, in part, "challenges that are present within the City of Los Angeles [such as] crime occurrences, crime patterns, crime trends that are specific to the city." Such training, which is not required by statute or public policy but is rather instituted purely to satisfy the needs of the city, is employer-mandated training and therefore an expense which the city must bear. (DLSE Op. Ltr. (Nov. 17, 1994) at p. 1.) Accordingly, Labor

11

Code section 2802 precludes the city from requiring recruits to reimburse it for the cost of the portion of the training which is in excess of that required for basic POST certification. And, the city cannot avoid application of Labor Code section 2802 by requiring recruits to enter into a contract such as the acknowledgment: A contract which purports to waive the protection of Labor Code section 2802 is void. (Lab. Code, § 2804; *Edwards v. Arthur Andersen LLP*, *supra*, 44 Cal.4th at pp. 951-952.) Accordingly, both LAAC section 4.1700 and the acknowledgment are void to the extent that they require reimbursement for the cost of training other than basic POST certification training.

The city contends, and the trial court held, that this case is governed by *City of Oakland v. Hassey* (2008) 163 Cal.App.4th 1477 (*Hassey*). In *Hassey*, the Court of Appeal held that Oakland could require reimbursement of police training costs under circumstances similar to—but yet distinguishable from—the circumstances in this case.[7] However, because the appellant in *Hassey* did not rely on Labor Code section 2802 either in his answer to the complaint or in his cross-complaint and raised the issue only in his reply brief, the court expressly declined to address the contention that Labor Code section

_____

[7] One difference between this case and *Hassey* which might have been significant if that court had addressed Labor Code sections 2802 and 2804 is that, contrary to the city's contention in this case, Oakland did *not* require its officers to attend its police academy for basic POST training. Applicants who were already POST certified, including lateral officers, attended a "mini academy" and were not subject to the reimbursement provisions which applied to recruits who chose to attend the Oakland police academy for basic POST training. (*Hassey*, *supra*, 163 Cal.App.4th at p. 1484, fn. 2.)

12

2802 prohibits the reimbursement requirement the city imposed. (*Hassey*, at pp. 1490-1491.) Accordingly, *Hassey* is not authority with respect to the effect of Labor Code sections 2802 and 2804 on the ordinance and/or the acknowledgment.

Appellants argue that because "the costs of training [at the academy] arose at the behest of the city," the city must bear the full cost of that training. It may be arguable that because the city required all recruits to attend its academy for all training, including basic POST training, that the city in effect transformed basic POST certification training into employer-mandated training, the cost of which the city must bear, as appellants contend. We need not reach that issue, however. The case was tried on an all-or-nothing basis—either the acknowledgement was enforceable or it was not. Accordingly, no evidence was admitted at trial which would permit apportionment of the cost of the academy between the basic POST certification training and the employer-mandated training.[8] For that reason, we conclude that the acknowledgment is entirely void as to all defendants in this case. For the same reason, we need not decide whether the city can require recruits who are already POST certified, including lateral officers, to attend POST training at its academy and to reimburse it for the cost of that portion of the training pursuant to LAAC section 4.1700.

---

[8] Evidence of the cost of training at the academy was introduced, but as far as we have been able to ascertain, there was no evidence which apportioned the cost between basic POST training and department-required training. The exhibits attached to the declaration of defense expert Sid Smith detail how the city arrived at its determination of the overall cost of recruit training, but they do not apportion that cost between POST instruction and other training.

13

At oral argument, the city argued that we should remand the matter to the trial court for a hearing to give it the opportunity to present evidence on apportionment of costs between basic POST training and the remainder of the training program, so that it could potentially recover the cost of the latter. In our original opinion, we adopted that procedure. However, we subsequently granted appellants' petition for rehearing. In that petition, appellants argued, among other things, that Labor Code section 2804 does not permit apportionment. Rather, they contend, the statute unambiguously states that "any contract" which purports to waive the protections of Labor Code section 2802 is "null and void." They contrasted this language to that of Labor Code section 2870, subdivision (b), which states that "any provision" in an employment contract which violates subdivision (a) of that statute is unenforceable. The difference in language between the two statutes is some indication that the Legislature intended that a contract which purports to waive the protections of Labor Code section 2802, even in part, is entirely void, rather than potentially severable by excising the offending portion of the contract. We need not make that determination, however, because we are persuaded by appellants' argument that allowing apportionment of the training costs is, in effect, a determination that the acknowledgement is severable between the recoverable costs and the nonrecoverable costs. Whether a contract is severable is "equitable and fact specific, and its application is appropriately directed to the sound discretion of the . . . trial courts in the first instance." (*Marathon Entertainment, Inc. v. Blasi* (2008) 42 Cal.4th 974, 998.) Accordingly, it cannot be raised for the first time on appeal, as the city did in this case. Therefore, even if we were to conclude that apportionment between the recoverable

14

and nonrecoverable training costs is permissible under Labor Code section 2804, we could not grant the relief the city seeks.

The city essentially conceded as much in its answer to the petition for rehearing. There, the city's only response to appellants' argument was that even if the acknowledgment is not enforceable against appellants, it can still recover under its cause of action for quantum meruit, which remains to be tried. This is incorrect. In its statement of decision, the trial court stated that the city failed to meet its burden of proof on its claim for quantum meruit. That ruling was, apparently inadvertently, omitted from the judgment. We will direct the trial court to include it in the judgment to be entered following this appeal.

2.

APPELLANTS' REMAINING CONTENTIONS

Appellants contend that part of the training costs the city sought to recover through the acknowledgment constituted their wages while they were attending the academy, in violation of both state law and the federal Fair Labor Standards Act (29 U.S.C. § 201 et seq.), or that reimbursement amounts to an unlawful kickback, and that the acknowledgment operates as an unlawful covenant not to compete. They contend the acknowledgement is unlawful for a number of other reasons. Because we have found that the acknowledgment is entirely void as to the defendants in these coordinated cases, however, we need not address those contentions. We note, however, that many of these contentions were rejected in *Hassey*, *supra*, 163 Cal.App.4th 1477.

15

Appellants also contend that the trial court erred in refusing to allow them to opt in to the cross-complaint as a collective action. They do not otherwise assert any error with respect to the judgment on the cross-complaint. In the absence of any error in entering judgment for the city on the cross-complaint, the collective action issue is moot, and we decline to address it.

3.

THE CITY'S APPEAL

In light of our reversal of the judgment for the city on its breach of contract claim, the city's appeal from the order denying its motion for attorney fees is moot.

DISPOSITION

In case No. E058460, the judgment on the complaint is reversed as to all defendants except Duncan Murdoch, Daniel Baltazar and Marc Gonzales. The judgment of dismissal as to those defendants is affirmed. The superior court is directed to enter judgment in favor of all defendants on the city's complaint for breach of contract and quantum meruit. The judgment on the cross-complaint is affirmed.

In case No. E060572, the appeal is dismissed, and the request for judicial notice is denied.

16

In both cases, all defendants are awarded costs and attorney fees on appeal.  (Lab. Code, § 2802, subd. (c).)

McKINSTER
J.

We concur:

RAMIREZ
P. J.

KING
J.

Filed 8/31/15

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

# <u>ORDER</u>

| | |
|---|---|
| IN RE ACKNOWLEDGMENT CASES | E058460 |
| | (Super.Ct.No. JCCP4412) |
| | The County of Los Angeles |
| IN RE ACKNOWLEDGMENT CASES | E060572 |

The request, filed August 19, 2015, for publication of a nonpublished opinion filed in the above matter on August 12, 2015, is GRANTED. The opinion meets the standards for publication as specified in California Rules of Court, rule 8.1105(c)(1), (2), (3), and (4).

IT IS SO ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

McKINSTER
J.

We concur:

RAMIREZ
P. J.

KING
J.

1