Filed 3/6/25  Dawson v. Butte-Glenn Community College District CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| SUSAN DAWSON, | C098653 |
| Plaintiff and Appellant, | (Super. Ct. No. 20CV01711) |
| v. | |
| BUTTE-GLENN COMMUNITY COLLEGE DISTRICT, | |
| Defendant and Respondent. | |
| DONALD FINKBINER, | C098702 |
| Plaintiff and Appellant, | (Super. Ct. No. 20CV02018) |
| v. | |
| BUTTE-GLENN COMMUNITY COLLEGE DISTRICT, | |
| Defendant and Respondent. | |

1

These consolidated appeals concern the discharge of two part-time employees of the Butte-Glenn Community College District (the community college) whose duties included training and testing peace officer recruits. Appellants Susan Dawson and Donald Finkbiner asserted in the trial court that unlawful motives influenced the community college's decision to discharge them—gender discrimination and retaliation in Dawson's case, and disability discrimination, age discrimination, and retaliation in Finkbiner's case. Different judges ruled against Dawson and Finkbiner by granting the community college's motions for summary judgment. Because of appellants' counsel's failures to comply with rules of California appellate practice, we need not address the merits of the litigation below. We affirm.

BACKGROUND

In 2019, appellants were responsible for administering "scenario" testing for peace officer recruits at the community college. After an unusually high number of recruits failed their tests, the community college requested guidance from the Commission on Peace Officer Standards and Training (POST). POST sets the standards for training and certification of peace officers in California and approves training facilities throughout the state, including at community colleges. A POST certificate is a statutory prerequisite to exercising the powers of a peace officer in California. (See *In re Acknowledgment Cases* (2015) 239 Cal.App.4th 1498, 1506-1507.)

POST made several recommendations to the community college after their independent investigation, including the use of new "scenario managers" when testing peace officer recruits. Following POST's investigation into the testing failures and resulting recommendations, the community college discharged Dawson and Finkbiner, who challenged their discharge decisions in separate lawsuits.

After two different judges granted the community college's motions for summary judgment, Dawson and Finkbiner appealed in May 2023. They filed their opening briefs

2

one year later, in May 2024.  Briefing completed in Finkbiner's appeal in September 2024, and in Dawson's appeal in November 2024.

DISCUSSION

Dawson and Finkbiner have the same lawyer on appeal, and their largely identical opening briefs do not comply with the requirements of appellate advocacy in California. Specifically, there are no headings in the argument portions of appellants' opening briefs, leaving it for us to speculate about which issues are being raised.  That is not our role. (See *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["We are not required to examine undeveloped claims or to supply arguments for the litigants"]; *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn. 4 [courts are not "obliged to speculate about which issues counsel intend to raise"].)  This failure to provide appropriate headings is more than a mere technicality.  The failure to set forth each argument in accordance with the California Rules of Court forfeits all of Dawson's and Finkbiner's issues discussed or referenced but not clearly identified by a heading. (See Cal. Rules of Court, rule 8.204(a)(1)(B) ["State each point under a separate heading or subheading summarizing the point"]; *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading"].)[1]

Further, appellants also fail to provide legal analysis of the trial court's determination that they each failed to meet their respective evidentiary burdens in opposing the community college's motions for summary judgment.  While their briefs summarize the applicable law, they do not provide any legal analysis and this too results

---

[1] We note that Dawson's *reply* brief contains separate headings and appears to raise an issue raised for the first time on appeal in its argument portion.  The court is not required to address issues raised for the first time in a reply brief.  (See *Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10 ["reasons of fairness militate against our considering this . . . untimely argument"].)

3

in the forfeiture of these issues on appeal.  " '[E]very brief should contain a legal argument with citation of authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]'  [Citations.]  This principle is especially true when an appellant makes a general assertion, unsupported by specific argument, regarding insufficiency of evidence."  (*People v. Stanley* (1995) 10 Cal.4th 764, 793; see also *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205 [" '[F]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal' "].)  For these reasons, we will not consider the unsupported arguments.

## DISPOSITION

The judgments are affirmed.  Respondent is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


                              /s/
                        BOULWARE EURIE, J.


We concur:


   /s/
EARL, P. J.


   /s/
FEINBERG, J.

4