Filed 1/29/14; pub. order 2/27/14 (see end of opn.)

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| MARK A. FLORES, | F066036 |
| Plaintiff and Appellant, | (Super. Ct. No. 11C0346) |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | **OPINION** |
| Defendants and Respondents. | |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kings County.  Thomas DeSantos, Judge.

Mark A. Flores, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jennifer A. Neill, Assistant Attorney General, Jessica N. Blonien and Stanton W. Lee, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

---

\*      Before Hill, P. J., Gomes, J. and Poochigian, J.

Plaintiff appeals from the order sustaining without leave to amend defendant's demurrer to his petition for writ of mandate. The petition sought replacement of or compensation for property seized by defendants from plaintiff, an inmate of the California Department of Corrections and Rehabilitation (CDCR). The demurrer asserted plaintiff had an adequate remedy at law and defendants had no clear, present, and ministerial duty to return the property to plaintiff or to compensate him for it. We find no error in the trial court's ruling and affirm.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff filed a petition for writ of mandate against the CDCR, alleging that he was an inmate at Corcoran State Prison and he acquired a television set on January 2, 2009. On September 16, 2009, correctional officers Leal and Garcia conducted a routine search of plaintiff's cell, during which correctional officer Uribe confiscated a television. Plaintiff was not given a receipt for the television. Plaintiff pursued an inmate appeal seeking return of the television, but it was denied at all levels. Attached exhibits indicate the inmate appeal was denied because plaintiff had been given a cell search receipt, and it indicated Uribe confiscated the television as contraband, because it was a "floater," which did not have a name, CDCR identification number, or serial number engraved on it for identification. The exhibits to the petition indicated plaintiff had a receipt and property card showing he received a television on January 2, 2009, but there was no identifying information on the confiscated television or on the receipt to show the confiscated television was the same television referred to in the receipt and property card. Without the identification information engraved on it, the television was contraband.

On May 6, 2010, plaintiff filed a second inmate appeal, seeking compensation for the television. The appeal was denied on the same grounds and because it duplicated the prior claim. Plaintiff filed a government claim against the CDCR and Uribe. He alleged he had not received a response to the claim as of the date of the petition.

2

On May 14, 2012, plaintiff filed an amended petition for writ of mandate against correctional officers Uribe, Garcia, Leal, and Bartz; the only facts alleged were that his cell was searched and his television was confiscated because it did not have his name, prison ID number, or serial number engraved on it. He sought replacement of the television or compensation for its loss. He again attached documents from his inmate appeals as exhibits. The trial court deemed the CDCR dismissed because it was not named as a defendant in the amended petition.

Defendants demurred to the amended petition. They asserted plaintiff had an adequate remedy by way of civil action and had not demonstrated defendants had any clear, present, and ministerial duty to return the confiscated contraband to him; therefore, the petition failed to state a claim for relief in mandate. On September 4, 2012, the trial court sustained the demurrer without leave to amend. Plaintiff appeals.

## *DISCUSSION*

### I.      Appealability

We first address an issue not discussed by the parties. Plaintiff purports to appeal from a judgment of dismissal entered after the sustaining of a demurrer without leave to amend. The record contains no such judgment. It contains only an unsigned minute order sustaining the demurrer without leave to amend. "It is well settled law that an order sustaining a demurrer without leave to amend is nonappealable, and a formal judgment must be entered against the unsuccessful party from which the appeal can be taken." (*Schisler v. Mitchell* (1959) 174 Cal.App.2d 27, 28-29.) A dismissal by the court must be in the form of a signed, written order in order to constitute a judgment. (Code Civ. Proc., § 581d.) In view of the requirement that the clerk's transcript include the judgment appealed from, whether or not designated by the parties (Cal. Rules of Court, rule 8.832(a)(1)(B)), we must assume no signed judgment was entered. Plaintiff's attempt to appeal from a nonexistent judgment does not require dismissal of the appeal, however.

3

The minute order includes an order that "no further action [is] necessary," implying that the court deemed the matter fully disposed of. To promote the orderly administration of justice, and to avoid the useless waste of judicial and litigant time that would result from dismissing the appeal merely to have a judgment formally entered in the trial court and a new appeal filed, we order the trial court to enter a judgment of dismissal nunc pro tunc as of the date of the order sustaining the demurrer without leave to amend, and we will construe the notice of appeal to refer to that judgment. (*Donohue v. State of California* (1986) 178 Cal.App.3d 795, 800.)

## II.      Standard of Review

"When a demurrer is sustained, we must determine de novo whether the [pleading] alleges facts sufficient to state a cause of action under any legal theory." (*Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 482.) "[W]e 'treat[] the demurrer as admitting all material facts properly pleaded,' but we do not 'assume the truth of contentions, deductions or conclusions of law.' [Citation.]" (*Id.* at p. 481.) When the demurrer is sustained without leave to amend, we review the denial of leave to amend for abuse of discretion. (*Id.* at p. 482.)

## III.     Establishing Error in Trial Court's Action

The judgment appealed from is presumed correct. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 (*Benach*).) The appellant must challenge it by "rais[ing] claims of reversible error or other defect [citation], and 'present[ing] argument and authority on each point made.'" (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) "This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.) "It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness." (*Benach, supra*, at p. 852.) The appellant's claims of error must be

4

presented in his or her opening brief; "points raised for the first time in a reply brief on appeal will not be considered, absent good cause for failure to present them earlier [citation]." (*Nordstrom Commission Cases* (2010) 186 Cal.App.4th 576, 583.) The same rules apply to a party appearing in propria persona as to any other party. (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

Nothing in plaintiff's brief identifies any error in the trial court's decision. While plaintiff sets out many legal propositions and cites authority for them, he does not relate them to the facts of this case or show how they apply to demonstrate error in the trial court's actions. "Failure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal. [Citation.]" (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.) Even if we do not deem the appeal abandoned, we find it lacks merit.

## IV.    Adequacy of Pleading

A writ of mandate may be issued against a public body or public officer "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station" in cases "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." (Code Civ. Proc. §§ 1085, 1086; *People ex rel. Younger v. County of El Dorado* (1971) 5 Cal.3d 480, 491 (*El Dorado*).) "Two basic requirements are essential to the issuance of the writ: (1) A clear, present and usually ministerial duty upon the part of the respondent [citations]; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty [citations]." (*El Dorado, supra*, 5 Cal.3d at p. 491.) "A 'ministerial duty' is one generally imposed upon a person in public office who, by virtue of that position, is obligated 'to perform in a prescribed manner required by law when a given state of facts exists. [Citation.]' [Citations.]"

5

(*City of King City v. Community Bank of Central California* (2005) 131 Cal.App.4th 913, 926.)

### A. Adequate remedy at law

"Section 1086 of the Code of Civil Procedure provides that the writ of mandate 'must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law.' Although the statute does not expressly forbid the issuance of the writ if another adequate remedy exists, it has long been established as a general rule that the writ will not be issued if another such remedy was available to the petitioner. [Citations.] The burden, of course, is on the petitioner to show that he did not have such a remedy." (*Phelan v. Superior Court of San Francisco* (1950) 35 Cal.2d 363, 366.)

"'"'The question whether there is a 'plain, speedy and adequate remedy in the ordinary course of law,' within the meaning of the statute, is one of fact, depending upon the circumstances of each particular case, and the determination of it is a matter largely within the sound discretion of the court….'"' [Citation.]" (*Barnard v. Municipal Court of San Francisco* (1956) 142 Cal.App.2d 324, 327-328.) If it is clear, however, that mandate is the only remedy that can furnish the relief to which the petitioner is entitled, the discretion disappears and the petitioner is entitled to the writ. (*May v. Board of Directors of El Camino Irrigation Dist.* (1949) 34 Cal.2d 125, 133.)

A civil action for conversion lies where a person has been wrongfully dispossessed of his or her personal property. (*Farmers Ins. Exchange v. Zerin* (1997) 53 Cal.App.4th 445, 451-452.) Available remedies for conversion include specific recovery of property with damages for its detention and damages based on the value of the property. (Civil Code, §§ 3336, 3379; *Allstate Leasing Corp. v. Smith* (1965) 238 Cal.App.2d 128, 132-133.) Plaintiff has not shown that the remedies by way of an action for conversion were unavailable to him or inadequate.

6

## B. Clear, present, and ministerial duty

The amended petition does not allege that defendants had a clear, present, and ministerial duty to replace the television or compensate him for it. It seeks compensation for or replacement of plaintiff's confiscated television pursuant to California Code of Regulations, title 15, section 3193. That section provides, in part: "The department shall accept liability for the loss or destruction of inmate personal property when it is established that such loss or destruction results from employee action." (Cal. Code Regs, tit. 15, § 3193, subd. (b).)

The California Code of Regulations sets out the items of property inmates are permitted to possess. (Cal. Code Regs, tit. 15, § 3190.) It requires that registerable property be registered in the inmate's name and number in the institution's inmate property records. (*Id.,* § 3191, subd. (a).) The prison's operational procedure No. 806 requires that "[a]ll appliances shall have the inmate's name and number engraved on the back." "[P]ossession of property which is not registered in the inmate's name and number will be cause for disciplinary action, including confiscation of the unregistered property. In all instances of confiscation, every reasonable effort will be made to determine the rightful owner of the property" and return it to him. (*Id.,* § 3191, subd. (b).) Contraband is defined as "anything which is not permitted, in excess of the maximum quantity permitted, or received or obtained from an unauthorized source." (*Id.,* § 3000.)

The exhibits to the petition indicate the television was confiscated from plaintiff's cell by prison officials because it was not engraved with his name or CDCR number; further, neither the television nor the receipt plaintiff offered to show his purchase of it bore a serial number that could be used to link the confiscated television to the receipt to prove his ownership. The regulations provide that "every reasonable effort will be made to determine the rightful owner of" confiscated property. This provision does not impose

7

a mandatory duty to determine a particular person to be the owner, or to return the property to that owner, when a given state of facts exists. California Code of Regulations, title 15, section 3193, does not impose on defendants a clear, present, and ministerial duty to return, replace, or compensate an inmate for property confiscated as contraband.

### C. *Escamilla v. Department of Corrections & Rehabilitation*

Plaintiff relies on *Escamilla v. Department of Corrections & Rehabilitation* (2006) 141 Cal.App.4th 498, in support of his use of a writ of mandate proceeding to redress his grievance. In *Escamilla*, after a prison riot, Escamilla was placed in an administrative segregated housing unit (SHU); he placed his personal clothing, watch, and items he had just purchased from the canteen in bags to be preserved until his release from the SHU. When he was released from the SHU months later, however, these items were not returned to him. His inmate appeals seeking $255 compensation for the lost items were denied. The trial court granted Escamilla's petition for a writ of habeas corpus and awarded him $225.

On appeal, the court determined the appropriate writ to address the situation was a writ of mandate, rather than habeas corpus. It concluded a claim for return of specific property held by a public entity as bailee did not require presentation of a government claim prior to seeking judicial relief by way of mandate, because it was not a claim for money or damages to which the claim filing requirement applied. The court quoted *Minsky v. City of Los Angeles* (1974) 11 Cal.3d 113, which stated: "'[T]he government in effect occupies the position of a bailee when it seizes from an arrestee property *that is not shown to be contraband*. [Citation.] The arrestee retains his right to eventual specific recovery, whether he seeks to regain tangible property like an automobile, ring, wallet or camera, or whether he seeks to recover a specific sum of money which, under general constructive trust principles, is traceable to property within the possession of the

8

defendant. [Citations.]' [Citation.]" (*Escamilla, supra*, 141 Cal.App.4th at p. 506, italics added.) Both *Escamilla* and *Minsky* cited specific code sections imposing a duty on officers to return an arrestee's or prisoner's property when the arrestee or prisoner is discharged from custody. (*Escamilla,* at p. 510, fn. 10.)

*Escamilla* did not discuss the issue of an adequate remedy at law. "'An opinion is not authority for a point not raised, considered, or resolved therein.' [Citation.]" (*Apple Computer, Inc. v. Superior Court* (2005) 126 Cal.App.4th 1253, 1277.) Further, *Escamilla* is distinguishable from plaintiff's claim. In *Escamilla*, the property in issue was not taken from the inmate as contraband; it was merely taken and held for safekeeping. Here, in contrast, plaintiff's property was not simply taken from him for safekeeping when he was arrested or placed in segregated housing; it was seized as contraband. Thus, in taking possession of plaintiff's property, defendants were not acting as bailees charged with an obligation to safely keep and return the television. Plaintiff does not allege any statutory or other basis for a duty to return contraband to him. He does not allege facts showing that the television was not contraband, for example, that it was properly engraved with plaintiff's name or CDCR number or that he had proof sufficient to establish his ownership, such as a receipt for its purchase bearing a serial number matching the serial number on the television. Consequently, plaintiff has not demonstrated that his claim is a proper one to pursue by petition for writ of mandate.

### D. Abuse of discretion

The amended petition seems to allege defendants abused their discretion when they refused to return the television to plaintiff. "'While, of course, it is the general rule that mandamus will not lie to control the discretion of a court or officer, meaning by that that it will not lie to force the exercise of discretion in a particular manner … [it] will lie to correct abuses of discretion, and will lie to force a particular action by the inferior tribunal or officer, when the law clearly establishes the petitioner's right to such action.'

9

[Citation.]" (*Manjares v. Newton* (1966) 64 Cal.2d 365, 370.) This may occur only in unusual circumstances, when the facts are stipulated or undisputed and discretion can be exercised in only one way. (*Hurtado v. Superior Court* (1974) 11 Cal.3d 574, 579; *County of Sacramento v. Loeb* (1984) 160 Cal.App.3d 446, 451-452.)

Although the facts alleged by plaintiff are undisputed for purposes of ruling on defendant's demurrer, plaintiff has not established that, in light of those facts, defendant's discretion had to be exercised in only one way—by returning the seized contraband to him. Rather, the law presented in support of the demurrer indicated inmates were not permitted to possess contraband and prison officials were authorized to seize it from inmates. Accordingly, plaintiff has not established that he may pursue his claim by way of writ of mandate.

## V.      Denial of Leave to Amend

Denial of leave to amend is reviewed for abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If there is a reasonable possibility the defect in the pleading can be cured by amendment, denial of leave to amend is an abuse of discretion. (*Ibid.*) It is the pleader's burden to demonstrate the pleading can be amended to state a cause of action. (*Ibid.*) There is nothing in the record or in plaintiff's briefs to indicate he has any further facts he may allege to show that he owned and properly possessed the confiscated television and that it was not contraband. Consequently, the trial court did not abuse its discretion by denying leave to amend the petition.

## *DISPOSITION*

The trial court is directed to enter a judgment of dismissal nunc pro tunc as of the date of the order sustaining the demurrer without leave to amend. The judgment is affirmed. Defendants are entitled to their costs on appeal.

10

Filed 2/27/14

## CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARK A. FLORES,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendants and Respondents. | F066036<br><br>(Super. Ct. No. 11C0346)<br>Kings County<br><br>**ORDER GRANTING REQUEST FOR PUBLICATION** |

As the nonpublished opinion filed on January 29, 2014, in the above entitled matter hereby meets the standards for publication specified in the California Rules of Court, rule 8.1105(c), it is ordered that the opinion be certified for publication in the Official Reports.

_____
                                        HILL, P. J.

WE CONCUR:

_____
GOMES, J.


_____
POOCHIGIAN, J.