Filed 7/22/14  Cumalioglu v. California Reconveyance Co. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MARLA CUMALIOGLU, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CALIFORNIA RECONVEYANCE COMPANY et al., <br><br> Defendants and Respondents. | D062810 <br><br><br> (Super. Ct. No. 37-2011-00093649-CU-OR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County,

Richard E.L. Strauss, Judge.  Affirmed.

Jack M. Winick for Plaintiff and Appellant.

AlvaradoSmith, John M. Sorich, S. Christopher Yoo and Jenny L. Merris for

Defendants and Respondents.

Marla Cumalioglu appeals the judgment dismissing her lawsuit against California Reconveyance Company and U.S. Bank, N.A.[1] (collectively, respondents) to set aside a nonjudicial foreclosure sale of her real property. Cumalioglu contends the trial court erroneously sustained respondents' demurrer to her second amended complaint without leave to amend because her allegations of a break in the beneficiary's chain of title were sufficient to state a cause of action for wrongful foreclosure. We affirm the judgment.

FACTUAL BACKGROUND

According to the allegations of Cumalioglu's second amended complaint and the judicially noticed documents,[2] the pertinent facts are as follows:

In October 2006, Cumalioglu borrowed $440,000 from Washington Mutual Bank, F.A. In exchange, she signed a promissory note and executed a deed of trust on real property naming California Reconveyance Company as trustee and Washington Mutual Bank as beneficiary.

In September 2008, federal regulators closed Washington Mutual Bank, and the Federal Deposit Insurance Corporation (FDIC) was appointed receiver. The FDIC executed an agreement with JPMorgan Chase Bank, N.A., by which it purchased, among

---

[1] The full description of this respondent is U.S. Bank, N.A., as trustee, successor in interest to Bank of America, N.A., as successor by merger to LaSalle Bank, N.A., as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR19 Trust. In this opinion, we shall use U.S. Bank for brevity.

[2] When reviewing a judgment of dismissal entered after a demurrer is sustained without leave to amend, we accept as true all properly pleaded factual allegations of the complaint and judicially noticed facts. (Code Civ. Proc., § 430.30, subd. (a); *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 81 (*Siliga*).)

2

other assets, all of Washington Mutual Bank's "mortgage servicing rights and obligations." The FDIC transferred to JPMorgan Chase Bank all "[l]oan and collateral records" and all "deeds, mortgages, abstracts, surveys, and other instruments or records of title pertaining to real estate or real estate mortgages."

On March 3, 2011, JPMorgan Chase Bank recorded an assignment of the deed of trust on Cumalioglu's property, together with the corresponding promissory note and related rights, to Bank of America, N.A. The same day, California Reconveyance Company, in its capacity as trustee under the deed of trust on Cumalioglu's property, recorded a notice of default and election to sell under deed of trust, which stated Cumalioglu was behind in her payments and her property could be sold without any court action if she did not bring her account current. The notice and an attached declaration indicated JPMorgan Chase Bank was the present beneficiary under the deed of trust.

On June 6, 2011, California Reconveyance Company, in its capacity as trustee under the deed of trust on Cumalioglu's property, recorded a notice of trustee's sale. The notice stated that Cumalioglu's property would be sold to the highest bidder at a public auction on June 30. The auction was held on that date, and the property was sold to U.S. Bank, which was indentified in the trustee's deed upon sale as successor in interest to Bank of America.

PROCEDURAL BACKGROUND

Cumalioglu sued respondents, and in a second amended complaint asserted counts labeled "To Set Aside Sale," "To Cancel Trustee's Deed," "Conversion," and "Declaratory Relief." According to Cumalioglu, the "gravamen" of her lawsuit was that

3

respondents "were the improper parties to conduct a foreclosure sale"; and the allegation central to each of her counts was that "[t]he foreclosure sale and the delivery and recording of the Trustee's Deed Upon Sale [were] improper and without right as U.S. Bank was not the holder of the Promissory Note or the beneficiary of the Deed of Trust." Cumalioglu prayed for a judgment declaring the foreclosure sale improper, setting aside the sale, restoring her to possession of the property, and awarding her compensatory and punitive damages, attorney fees, and costs.

Respondents demurred to the second amended complaint on the ground that it failed to state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) Respondents argued the promissory note and deed of trust were properly transferred to U.S. Bank; and upon Cumalioglu's default, California Reconveyance Company, as the trustee named in the deed of trust, was authorized to sell, and properly sold, the property by public auction. Respondents also argued Cumalioglu had not adequately alleged that she suffered prejudice from any impropriety in the foreclosure process, or that she tendered the full amount of her indebtedness. In support of the demurrer, respondents asked the trial court to take judicial notice of the deed of trust, the agreement between the FDIC and JPMorgan Chase Bank, the assignment of the deed of trust from JPMorgan Chase Bank to Bank of America, the notice of default, the notice of trustee's sale, and the trustee's deed upon sale. (Evid. Code, §§ 451, 452.)

Cumalioglu opposed the demurrer. She argued her allegations showed "the foreclosure was pursued by strangers and not by the required beneficiary who owns the note and deed of trust," and "therefore the alleged sale was a 'nullity.' "

4

The trial court granted respondents' request for judicial notice and sustained their demurrer without leave to amend. A judgment dismissing Cumalioglu's second amended complaint with prejudice followed.

## DISCUSSION

Cumalioglu contends the judgment must be reversed because her allegations of a break in the beneficiary's chain of title were sufficient to state a cause of action for wrongful foreclosure under *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*). We disagree. As we shall explain, Cumalioglu has not satisfied her burden on appeal to demonstrate reversible error.

### *Standard of Review*

"A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. [Citation.] We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. [Citation.] We construe the pleading in a reasonable manner and read the allegations in context. [Citation.] We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons." (*Siliga*, *supra*, 219 Cal.App.4th at p. 81.)

5

*Analysis*

Cumalioglu's appeal founders on fundamental principles of appellate review. It is well-settled that a judgment is presumed correct, and to obtain reversal an appellant must affirmatively show prejudicial error through reasoned argument, citation of material facts in the appellate record, and discussion of applicable legal authority. (E.g., *In re Sade C.* (1996) 13 Cal.4th 952, 994; *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 204 (*Flores*); *Overhill Farms, Inc. v. Lopez* (2010) 190 Cal.App.4th 1248, 1272.) "One cannot simply say the court erred, and leave it up to the appellate court to figure out why." (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) " 'We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)

Under these established principles, Cumalioglu is not entitled to reversal of the judgment. Her opening brief does not contain the required summary of significant facts, citations to the record, or legal argument supported by citation of authority. (Cal. Rules of Court, rule 8.204(a).) Nowhere does Cumalioglu discuss either the essential elements of her claims or the allegations of her second amended complaint that correspond to those elements. She simply (1) lists some allegations of a paragraph of her second amended complaint describing recorded documents in the chain of title; (2) asserts the allegations establish a break in the chain between Washington Mutual Bank and JPMorgan Chase Bank; (3) insists we must accept her allegations as true; and (4) concludes she has sufficiently stated a cause of action for wrongful foreclosure under *Glaski*, *supra*, 218

6

Cal.App.4th at page 1097, which held such a cause of action lay when a borrower alleged the entity invoking the power of sale was not the holder of the deed of trust because the purported assignment to that entity was void. Although Cumalioglu cites *Glaski*, she "does not relate [it] to the facts of this case or show how [it] appl[ies] to demonstrate error in the trial court's actions." (*Flores*, *supra*, 224 Cal.App.4th at p. 205.) Such " 'conclusory claims of error will fail.' " (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457.)

Moreover, Cumalioglu completely ignores the several documents concerning chain of title of which the trial court took judicial notice and which respondents argued defeated her claims. A trial court may consider facts subject to judicial notice when ruling on a demurrer to a complaint (Code Civ. Proc., § 430.30, subd. (a); *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6), "and allegations in the pleading may be disregarded if they are contrary to facts judicially noticed" (*Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 751). Cumalioglu does not argue on appeal that the court improperly took judicial notice of any of the documents included in respondents' request, or that the documents do not establish an unbroken chain of title as urged by respondents. In the absence of such argument, we must presume the judicially noticed documents support the order sustaining the demurrer without leave to amend and the ensuing judgment of dismissal. (See, e.g., *Flores*, *supra*, 224 Cal.App.4th at p. 204 [" 'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.' "]; *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1207

[" '[A]n appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness.' "].)

Even if Cumalioglu had not forfeited her claim of error, we would still affirm the judgment. "We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons." (*Siliga*, *supra*, 219 Cal.App.4th at p. 81; accord, *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153.) One of the grounds raised by respondents' demurrer was that Cumalioglu failed to state facts sufficient to constitute a cause of action because she had not alleged she suffered any prejudice as a result of an irregularity in the foreclosure process. This ground has merit.

"[A] plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to [her] interests. [Citations.] Prejudice is not presumed from 'mere irregularities' in the process." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272.) Even if one of the beneficiaries in the chain of title to Cumalioglu's property lacked authority to assign the deed of trust and related promissory note, "it is difficult to conceive how [Cumalioglu] was prejudiced by [the] purported assignment, and there is no allegation to this effect. Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to [Cumalioglu], an assignment merely substituted one creditor for another, without changing her obligations under the note." (*Ibid.*) Furthermore, Cumalioglu does not dispute she was in default, and she does not allege the purported break in the chain of title "interfered in any manner

8

with her payment of the note [citation], nor that the [real beneficiary] would have refrained from foreclosure under the circumstances presented."  (*Ibid.*; accord, *Siliga*, *supra*, 219 Cal.App.4th at p. 85.)  If there were an unauthorized assignment causing a break in the chain of title, "the true victim was not [Cumalioglu] but the [real beneficiary], which would have suffered the unauthorized loss of a [$440,000] promissory note."  (*Fontenot*, at p. 272.)  "Absent any prejudice, [Cumalioglu] ha[s] no standing to complain about any alleged lack of authority or defective assignment."  (*Siliga*, at p. 85; accord, *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507-1508 [applying *Fontenot*'s prejudice analysis to similar facts].)

## DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

NARES, Acting P. J.

AARON, J.

9