Filed 12/1/21  Rhodes v. Anderson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KAVIN MAURICE RHODES,<br><br> Petitioner and Appellant,<br><br>v.<br><br> JOSEPH ANDERSON et al.,<br><br> Defendants and Respondents. | A162176<br><br>(Del Norte County<br>Super. Ct. No.<br>CVPT20171242) |

Petitioner Kavin Maurice Rhodes, a state prison inmate, appeals from an order denying his petition for writ of mandate against respondents Joseph Anderson, C.E. Ducart, Scott Kernan, and the California Department of Corrections and Rehabilitation (CDCR), by which he sought replacement or compensation for property that was confiscated or damaged during his transfer between prisons.[1]  The superior court

---

[1] The superior court's order is incorrectly captioned as an "ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS FOR ABUSIVE PETITIONS."  The content of the order, which applies the legal standards relevant to mandate petitions and directly addresses the arguments raised in Rhodes's petition for writ of mandate and the defenses to that petition, make it clear that the title of the order is a clerical error.

concluded that Rhodes had an adequate remedy at law and that he did not prove respondents acted improperly. We affirm.

## I. BACKGROUND

Rhodes is serving a sentence of life without the possibility of parole. In 2016, he was transferred from Kern Valley State Prison to Pelican Bay State Prison after he was found to have committed a disciplinary offense.

In anticipation of his transfer, prison authorities inventoried Rhodes's belongings. The property listed on the inventory included a Swintec typewriter, a Sony CD player, Sony headphones, CDs, an A/C Delco battery charger, an RCA television, an RCA signal booster, an antenna, Nike tennis shoes, one sweatshirt, a Casio wristwatch, a U-Tab7 tablet, photo albums, a West Bend fan, a West Bend hot pot, an electric shaver, and legal books.

The prison authorities' records reflect that the CD player, battery charger, television, tennis shoes and one sweatshirt were returned to Rhodes. The typewriter had been broken during transit, but Rhodes refused to sign the form acknowledging he had been offered a replacement. The remainder of the property that appeared on the inventory, with the exception of the legal materials, was confiscated because it was altered, broken, or not allowed to be in the possession of inmates with Rhodes's security categorization. The legal materials were too voluminous for Rhodes to keep in his cell, so they were stored by the prison and Rhodes has access to them upon request.

Rhodes filed administrative appeals alleging staff misconduct regarding the confiscation of his property, and requested that Pelican Bay hold his property pending this appeal. He did not request that the property be mailed out to a third party. The prison authorities disposed of the listed property on the ground that Rhodes had not filed an administrative appeal directly challenging the designation of the items as not allowed. Rhodes's appeals alleging staff misconduct were denied.

Rhodes filed a petition for writ of mandate in the superior court seeking to recover the value of the listed items. He alleged that the items listed were improperly confiscated upon his transfer to Pelican Bay, and that the prison authorities confiscated printwheels, typewriter ribbons, correctional tape, three sweatshirts and sweatpants, although the inventory does not reflect Rhodes was ever in possession of these items. After the court overruled respondents' demurrer, respondents filed an answer arguing (1) mandate was improper because Rhodes could file a small claims action or limited civil action and thus had an adequate remedy at law; and (2) Rhodes had not demonstrated respondents had violated any ministerial duty, as is required for mandate.

The court denied the petition. It issued an order that stated in relevant part, "The Court finds that the property claimed by Petitioner is either not accounted for by the inventory from the transferring prison, was provided to the Petitioner, or was denied distribution based on established policy, after an opportunity was provided to Petitioner to have items delivered to

an alternative location.  [¶]  The Court finds Petitioner has an adequate remedy at law of which he has not availed himself.  The Court finds there are no credible issues of fact."

## II.  DISCUSSION

### A.  *Standard of Review*

To obtain a writ of mandate from the superior court under Code of Civil Procedure section 1085, the petitioner has the burden of proving a clear, present, and usually ministerial duty on the part of the respondent, and a clear, present, and beneficial right in the petitioner for the performance of that duty. (*Armando D. v. State Dept. of Health Services* (2004) 124 Cal.App.4th 13, 21–22.)  In reviewing a superior court's judgment on a writ of mandate, "we apply the substantial evidence standard of review to the court's factual findings, but independently review its findings on legal issues."  (*James v. State of California* (2014) 229 Cal.App.4th 130, 136 (*James*).)

### B.  *Adequate Remedy at Law*

Respondents argue that the superior court properly denied the writ of mandate because it was not the proper remedy in this case.  We agree.

Code of Civil Procedure section 1086 provides that a writ of mandate "must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law."  "Although the statute does not expressly forbid the issuance of the writ if another adequate remedy exists, it has long been established as a general rule that the writ will not be issued if another such remedy was available to the petitioner."  (*Flores v.*

4

*Department of Corrections & Rehabilitation* (2014) 224
Cal.App.4th 199, 205 (*Flores*).)

The petitioner in *Flores* was a prisoner who brought a petition for writ of mandate seeking the return of a television set that he alleged had been improperly confiscated by CDCR as a "floater" that did not have a name, serial number, or CDCR identification number contrary to CDCR regulations. (*Flores*, *supra*, 224 Cal.App.4th at pp. 202–203.) The appellate court affirmed the superior court order denying the writ, concluding, among other things, that the prisoner had not established there was no plain, speedy and adequate remedy because a civil action for conversion was available to one who was wrongfully dispossessed of property. (*Id*. pp. 205–206.) Applying *Flores* to the present case, mandate was properly denied because Rhodes could have brought a small claims action or a limited civil suit against the prison authorities. He has not carried his burden of establishing that this remedy was unavailable to him. (*Ibid*.)

A different result is not required by *Escamilla v. Department of Corrections and Rehabilitation* (2006) 141 Cal.App.4th 498, 501–502 (*Escamilla*), in which property was taken from a prisoner who had been placed in the administrative segregated housing unit and was not returned to him. There, the parties did not raise the issue of whether there was an adequate remedy at law (see *Flores*, *supra*, 224 Cal.App.4th at p. 208), and the court treated the prisoner's petition for a writ of habeas corpus as a petition for a writ of mandate. (*Escamilla*, at pp. 505–509.) The court found the action was not a "claim[] for

5

money or damages" requiring presentation of a governmental tort claim, and concluded that mandate was "the most appropriate writ to direct the government to return personal property or its value in a bailment or bailment-like situation." (*Id*. at p. 509.)

The *Flores* court found *Escamilla* distinguishable because it did not involve the confiscation of property that was deemed prohibited, but concerned a claim to property that was not contraband and was simply held for safekeeping in a bailment-type situation while the prisoner was in segregated housing. (*Flores*, *supra*, 224 Cal.App.4th at p. 208.) But in any event, *Escamilla* did not consider the issue of an adequate remedy at law. (*Ibid*.) As noted in *Flores*, " ' "An opinion is not authority for a point not raised, considered, or resolved therein." ' " (*Ibid*.)

C. *Ministerial Duty*

A writ of mandate requires a showing that the respondent had a "ministerial duty to act in a particular way." (*James*, *supra*, 229 Cal.App.4th at p. 136.) A ministerial duty "is one that is required to be performed in a prescribed manner under the mandate of legal authority without the exercise of discretion or judgment." (*Ibid*.) Respondents contend that even if we assume there was not an adequate remedy at law, Rhodes is not entitled to a writ of mandate because there was no showing respondents had a ministerial duty to return the disputed property or compensate Rhodes for the same. We agree.

There are five categories of property at issue here: (1) property that was never included on the inventory prepared by Kern Valley State Prison; (2) property that was on the inventory,

but was not returned to Rhodes at Pelican Bay because he was prohibited from possessing it; (3) property that was on the inventory and was returned to Rhodes; (4) legal materials that exceed the quantity Rhodes may have in his immediate possession, which are stored and may be accessed by Rhodes upon scheduling an appointment with prison staff; and (5) the typewriter, which respondents acknowledge was broken in transit. We consider each in turn.

As to the first category, property which did not appear on the inventory (printwheels, typewriter ribbons, correctional tape, three sweatshirts, and sweatpants), Rhodes did not present any evidence that he in fact possessed the property at the time of his transfer. CDCR is liable "for the loss or destruction of inmate personal property when it is established that such loss or destruction results from employee action." (Cal. Code Regs., tit. 15, § 3193, subd. (b).) Rhodes's bare allegations are insufficient to warrant relief, and in noting that disputed items were not on the inventory, the court implicitly found that Rhodes did not carry his burden of showing that he possessed them in the first place or that their loss or destruction was due to CDCR employees. Rhodes did not demonstrate that CDCR had a ministerial duty to return or provide compensation for these items.

As to the second category of property, certain items of property were deemed contraband because they were altered from their original state (headphones, watch). CDCR regulations confer to staff the discretion to determine whether an item has

7

been altered (Cal. Code Regs., tit. 15, § 3191, subd. (c)(1)(5)), meaning that an item's designation as having been altered is not "ministerial." (See *Flores*, *supra*, 224 Cal.App.4th at p. 208 [mandate not available to address claim that authorities abused their discretion in deciding not to return property because they determined it violated the rules].) Certain other items were not returned to Rhodes because they are either banned completely at Pelican Bay or are not allowed for inmates in Rhodes's privilege group (beard trimmer, tablet, fan, hot pot, antenna, hardcover photo albums, signal booster). Although Rhodes argues that he was in fact entitled to possession of this property, CDCR regulations presented by respondents supply substantial evidence that prisoners in Rhode's classification could not possess the property. CDCR did not have a ministerial duty to return property to Rhodes when its possession was forbidden by the regulations.

Turning to the third category of property, CDCR presented evidence that some of the property at issue was returned to Rhodes. The prison authorities did not have a ministerial duty to return this property when it had already been returned.

With respect to the fourth category, the evidence presented by respondents showed that the legal materials owned by Rhodes were not destroyed, but were too voluminous to be kept in his cell. Substantial evidence shows that CDCR was keeping these materials in storage and allowing access by Rhodes—it did not have a ministerial duty to do more.

Finally, respondents fulfilled their duty regarding the typewriter because the record shows that prison authorities offered a substitute typewriter to Rhodes.

## III. DISPOSITION

The judgment (order denying writ of mandate) is affirmed. Each party shall bear its own costs in the interest of justice.

_____

NEEDHAM, J.


We concur.


_____

JACKSON, P.J.



_____

SIMONS, J.


*Rhodes v. Anderson* / A162176

1