Filed 4/27/22  Cho v. CKE Restaurants Holdings CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MIN SUN CHO, Plaintiff and Appellant, v. CKE RESTAURANTS HOLDINGS, INC., Defendant and Respondent. | B310704 (Los Angeles County Super. Ct. No. BC654003) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mel Red Recana, Judge.  Affirmed.

Min Sun Cho in pro. per., for Plaintiff and Appellant.

FordHarrison, John P. Schaedel and Jenny S. Choi for Defendant and Respondent.

Plaintiff Min Sun Cho (Cho) appeals from a summary judgment in favor of defendant CKE Restaurants Holdings, Inc. d/b/a Carl's Jr. Restaurant (CKE).  We conclude Cho fails to demonstrate that the trial court erred in granting summary judgment, and thus we will affirm.

## BACKGROUND

Cho filed the present action against CKE in March 2017 and filed the operative first amended complaint (complaint) in May 2019.  The complaint alleged that in about August 2015, Cho moved into an apartment next door to a Carl's Jr. Restaurant (restaurant).  At CKE's direction, trash was collected from the restaurant every morning between 4:00 and 6:00 a.m., disrupting Cho's sleep and causing a deterioration of his physical and psychological health.  Cho notified CKE of the problem, but it refused to have the restaurant's trash collected at a different time.  Cho alleged that these practices gave rise to causes of action for nuisance and intentional and negligent infliction of emotional distress.

CKE moved for summary judgment.  It asserted that it had contracted with Omega Waste Management (Omega) for trash pickup; Omega subcontracted with Haul-Away Rubbish Company (Haul-Away), whose trucks collected the restaurant's trash daily.  Through the declarations of its employees, CKE asserted that it had no involvement with the scheduling or dispatching of Haul-Away's trash trucks; Cho was the only person who ever made a noise complaint concerning trash collection at the restaurant; and CKE acted reasonably to address the alleged problem once it received Cho's complaint in late March 2016.  CKE thus urged that it did not owe Cho a duty, it did not breach any duty, and

2

there was no causation between CKE's conduct and Cho's alleged harm.

Cho opposed the motion. He contended that CKE was liable for the torts of its independent contractor, Haul-Away; CKE was negligent in selecting, instructing, and supervising Haul-Away; the harm to Cho was foreseeable; and CKE had a nondelegable duty to Cho not to contract for garbage collection in the early morning hours.

The trial court granted CKE's motion for summary judgment. It explained that a defendant generally is not liable for the acts of its independent contractors unless the defendant's own involvement or negligence contributed to an injury. In the present case, the court found that Cho failed to provide any evidence that CKE contributed to Cho's alleged injury—specifically, Cho presented no evidence that CKE had any involvement in the scheduling and dispatching of the garbage trucks, that CKE was negligent in contracting with Omega, or that CKE had any right to or exercised any control over Haul-Away's conduct or operations. Cho also failed to establish that CKE had a nondelegable duty because it did not plead the nondelegable duty doctrine, did not establish the elements of a nondelegable duty, and provided little or no discussion or authority on the issue. Thus, Cho failed to establish triable issues as to any of his causes of action.

The trial court entered judgment on December 7, 2020. Cho timely appealed.

3

## DISCUSSION

A motion for summary judgment is properly granted if "there is no triable issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A motion for summary judgment is properly granted if the moving party has shown "that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (*Ibid.*) A moving defendant establishes that it is entitled to judgment as a matter of law by demonstrating that the action has no merit—that is, that one or more elements of a cause of action cannot be established or there is a complete defense to that cause of action. (*Ibid.*) Once the defendant has met that burden, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action. (*Id.*, subd. (o)(2).)

We review a grant of summary judgment de novo, without deferring to the trial court's decision. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860.) Nonetheless, " '[p]erhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error.' [Citation.] ' "We must indulge in every presumption to uphold a judgment, and it is defendant's burden on appeal to affirmatively demonstrate error—it will not be presumed." ' " (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549; see *People v. Chubbuck* (2019) 43 Cal.App.5th 1, 12.) Thus, although we independently consider whether summary judgment was properly granted, " ' "it is the appellant's responsibility to affirmatively demonstrate error," ' and 'review is limited to issues adequately raised and supported in the appellant's brief.' (*Christoff v. Union Pacific*

4

*Railroad Co.* (2005) 134 Cal.App.4th 118, 125–126.)" (*Vasquez v. Department of Pesticide Regulation* (2021) 68 Cal.App.5th 672, 685; see also *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 708 [burden is on appellant to demonstrate error, even on de novo review].) Failure to demonstrate error—that is, to support any claim of error with reasoned argument, analysis, and citation to pertinent legal authorities—forfeits the issue on appeal. (*People v. Clayburg* (2012) 211 Cal.App.4th 86, 93 [failure to present "reasoned argument and analysis" forfeits issue on appeal]; *People v. Sorden* (2021) 65 Cal.App.5th 582, 603 ["failure to present reasoned argument and legal authorities in support" of a claim of error forfeits issue on appeal].)

Cho's briefing is difficult to understand and fails to set forth cogent legal arguments. We are mindful that Cho is appearing in propria persona; however, "[a] self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) Thus, Cho "is not exempt from the rules governing appeals," including the rules governing preparation of an adequate appellate record and presenting legal arguments supported by citations to relevant legal authority. (*Ibid.*; see *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205 ["The same rules apply to a party appearing in propria persona as to any other party."].)

Cho's central contention appears to be that there were triable issues of fact as to whether CKE had "control" over Haul-Away's operations, and specifically whether CKE had the ability to control the time at which Haul-Away collected trash from the restaurant. However, although Cho's appellate briefs include

some limited citations to legal authority, he fails to demonstrate that the authorities on which he is relying are relevant to the issues that he is attempting to raise.  Specifically, Cho does not cite any legal authority for the proposition that control is relevant to, or dispositive of, each of the causes of action asserted in his first amended complaint—that is, if there are triable issues concerning control, then the trial court erred in summarily adjudicating those claims.  As such, Cho has failed to satisfy his appellate burden to demonstrate error, and therefore we will affirm the judgment.

**DISPOSITION**

The judgment is affirmed. CKE is awarded its appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:


EGERTON, J.


LIPNER, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.