Filed 8/25/23  Sutton v. Clark CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID SUTTON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>GEORGE D. CLARK, as Trustee, etc.,<br><br>    Defendant and Respondent. | B322867<br><br>(Los Angeles County<br>Super. Ct. No. 16STPB03303) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Small, Judge.  Affirmed.

David Sutton, in pro. per., for Plaintiff and Appellant.

Law Office of Cecil R. McNab and Cecil R. McNab for Defendant and Respondent.

David Sutton appeals from a trial court order denying his trust petition filed pursuant to Probate Code section 17200 (section 17200 petition). Based on the limited record Sutton has provided on appeal, it appears that Sutton failed to respond to trustee George Clark's special interrogatories requesting that Sutton identify witnesses and documents relevant to the claims raised in his petition. Clark accordingly filed a motion in limine seeking to exclude witnesses or documents Sutton might present at trial. The trial court granted the motion in limine, then denied the trust petition. We affirm the trial court order.

## FACTUAL AND PROCEDURAL BACKGROUND

Our review in this case is severely constrained by the limited record provided on appeal, which consists of a trial court docket, a motion and supplemental motion in limine, a one-page opposition to the motion in limine, two trial court orders, and the notice of appeal and designation of the record on appeal. From this record, we discern the following. In 2016, Sutton filed a petition to determine the existence of a trust. In 2019, he filed a subsequent petition for removal of trustee.

In June 2021, the respondent and trustee, Clark, served a set of special interrogatories on Sutton. The interrogatories demanded that Sutton identify witnesses and documents supporting the allegations in his petition. It appears from the interrogatories that Sutton alleged, among other things, that Clark improperly transferred trust property to himself; he became trustee by defrauding the settlor; he wrongfully took or disposed of trust assets; and he violated his duties as trustee.

In April 2022, Clark filed a motion in limine asserting Sutton willfully failed to respond to the interrogatories and seeking an order prohibiting Sutton from "calling any witnesses

or presenting any document requested in the Special Interrogatories." The motion indicated Sutton refused to meet and confer with Clark's lawyer, and that Sutton's failure to respond to the interrogatories prevented Clark from conducting any depositions or examining any evidence before trial.

Sutton filed a one-page opposition to the motion stating: "Pertinent documents for proving validity of trust violations need to be allowed into evidence."

At a May 2022 proceeding, the trial court heard argument and granted the motion in limine.[1] In July 2022, the trial court denied Sutton's section 17200 petition with prejudice, finding "insufficient evidence has been provided to grant the matter on calendar." Sutton timely appealed.[2]

## DISCUSSION

It is a fundamental rule of appellate review that an appealed judgment or order is presumed correct, and error must be affirmatively shown. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson*, at p. 609.) To overcome this

---

[1] A minute order from the date of the hearing states the court granted the motion "for the reasons stated on the record." The record on appeal does not include a reporter's transcript from the hearing, or an agreed upon or settled statement summarizing the proceedings.

[2] " '[T]he Probate Code permits an appeal to be taken from any final order under Probate Code section 17200 et seq. ...' [Citation.]" (*Boys & Girls Club of Petaluma v. Walsh* (2008) 169 Cal.App.4th 1049, 1057.)

3

presumption, the appellant has the burden of providing the appellate court with an adequate record demonstrating error. (*Ibid.*; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson*, at p. 609.)

It is also the appellant's burden to provide reasoned argument and citations to relevant legal authority to support that argument. (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721.) " '[O]n appeal "the party asserting trial court error may not ... rest on the bare assertion of error but must present argument and legal authority on each point raised. [Citation.]" [Citation.]' " (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) Accordingly, "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited." (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 (*Delta Stewardship Council Cases*).) These "same rules apply to a party appearing in propria persona as to any other party." (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205 (*Flores*).)

Here, Sutton argues the trial court abused its discretion in dismissing his petition. He appears to contend that the court should have excluded the evidence he failed to produce in discovery, while still allowing him to proceed to trial. However, the limited record indicates that the trial court took two separate actions. First, the trial court granted the motion in limine, thus excluding evidence that Sutton failed to provide in response to the interrogatories. Second, the trial court concluded Sutton's

4

evidence, if any, was insufficient to establish the claims in his petition.

Sutton has failed to provide any reasoned argument to support the claim that the trial court erred in denying the section 17200 petition for insufficient evidence. Nor does he argue that the trial court erred in granting the motion in limine. "It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness." (*Delta Stewardship Council Cases*, *supra*, 48 Cal.App.5th at p. 1075.) Indeed, " '[f]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal.' [Citation.]" (*Flores*, *supra*, 224 Cal.App.4th at p. 205.) Sutton contends the trial court order dismissing his petition was prejudicial, but he has not offered a cognizable argument to explain how the trial court abused its discretion in granting the motion in limine or erred in dismissing the petition for insufficient evidence. We must therefore affirm the trial court order.

## DISPOSITION

The trial court order is affirmed.  Respondent to recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.

6