Filed 3/12/25  Ras v. Ras CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ALEXANDRA RAS, | B335264 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. |
| v. | 22STFL09811, 22STRO05096) |
| SHAWN RAS, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of the County of Los Angeles, Michelle L. Kazadi, Judge.  Affirmed.

Shawn Ras, self-represented litigant, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Shawn Ras appeals from the trial court's November 1, 2023, orders granting plaintiff Alexandra Ras's request for domestic violence restraining and child custody. In his opening brief, defendant raises several issues, but the only relief he requests is reversal of "the trial court's decision to grant sole custody to the [plaintiff][1] and reinstate the original joint custody arrangement." According to defendant, "[t]he decision to modify custody was not supported by new evidence or consideration of the child's best interests. Therefore, restoring joint custody will ensure the child's emotional and psychological well-being, stability, and continuity in both parents' lives."

A fundamental rule of appellate review is that an appealed judgment is presumed correct. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140 (*Ketchum*).) Where the record is silent, "'"error must be affirmatively shown."'" (*Ibid.*)

To overcome this presumption, "a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; see *Ketchum, supra*, 24 Cal.4th at p. 1141.) Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct and, on that basis, affirm. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; *Ketchum, supra*, 24 Cal.3d at p. 1141.)

Where a reporter's transcript has not been provided and the purported error is not apparent on the face of the existing record, "the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed

---

[1] The only custody order in our record grants the parties joint legal and physical custody and specifies a schedule for an agreed upon custody arrangement.

that the unreported trial testimony would demonstrate the absence of error.  [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

Defendant's record designation for preparation of the clerk's transcript requested the inclusion of:  numerous videos, one photograph, three e-mails, and one plaintiff's exhibit from the evidentiary hearings.  None of the requested exhibits, however, are part of the trial court's record.  Defendant did not request any of the operative filings, including the temporary and permanent restraining order applications, their supporting exhibits, and defendant's response.  Our record therefore contains only copies of defendant's notice of appeal, record designation, the superior court case summary, a letter from the court advising that certain requested documents were missing from its file, and a clerk's certificate regarding missing documents.

The designation for preparation of the reporter's transcript is equally deficient.  The evidentiary hearing proceeded over three days, but defendant requested only the transcript of day two of the hearing containing the testimony of a witness, Azar Aref, and part of defendant's testimony under cross-examination.  Thus, our record does not include any of plaintiff's testimony or the remainder of defendant's testimony.

In addition, defendant's opening brief contains no citations to the record that he does provide on appeal.  (Cal. Rules of Court, rule 8.204(a)(1)(C) [each brief on appeal must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].)  "'As

a general rule, "[t]he reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment." [Citations.] It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. [Citation.] If no citation "is furnished on a particular point, the court may treat it as waived." [Citation.]' [Citation.]" (*Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384.) "We look askance at [the] practice of stating what purport to be facts—and not unimportant facts—without support in the record. This is a violation of the rules, specifically rule 8.204(a)(1)(C) . . . , with the consequence that such assertions will, at a minimum, be disregarded. [Citation.]" (*Liberty National Enterprises, L.P. v. Chicago Title Ins. Co.* (2011) 194 Cal.App.4th 839, 846.)

Based on the inadequacies in the record and briefing, we conclude that defendant has forfeited the contentions he attempts to raise on appeal.[2] (*Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817; *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.) Accordingly, we affirm the November 1, 2023, restraining and custody orders.

---

[2] "The same burdens are imposed uniformly and equally on all appellants, and self-represented parties are '"held to the same restrictive procedural rules as an attorney."'" (*Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 334–335.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

## DISPOSITION

The restraining and custody orders are affirmed.  No costs are awarded on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

MOOR, J.