Filed 5/28/26  Park v. Chung CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| KRIS PARK et al., | B337464 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. TC029210 |
| v. | (lead case consolidated with case Nos. 19STVC03014, |
| CHUL WOONG CHUNG et al., | BC714096)) |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Shultz, Judge.  Affirmed.

Law Offices of Jaenam Coe and Jaenam Coe for Defendants and Appellants.

Law Offices of Jeannie Joung and James K. Beck for Plaintiffs and Respondents.

_____

# MEMORANDUM OPINION

Chul Woong Chung and Kiwi Company Co., Ltd. (collectively, appellants) appeal the judgment in their business dispute with Kris Park and Siwy Denim, Inc.  We find this matter appropriate for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, section 8.1.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions].)

Appellants challenge the judgment and claim a new trial should be ordered due to prejudicial instructional error, but they do not cite to any portion of the record showing they objected to any jury instruction or requested other instructions that the court denied.  To the contrary, the record indicates all counsel read, reviewed, and affirmatively accepted the instructions, and in many, if not all, instances jointly prepared them.  In their reply brief, appellants do not dispute that the jury instructions were jointly submitted and approved by the parties.  "[B]y requesting the instructions the court gave and not requesting any additional instructions, plaintiff has forfeited the right to argue on appeal that the court misinstructed the jury."  (*Metcalf v. County of San Joaquin* (2008) 42 Cal.4th 1121, 1130; see also *Davis v. Harano* (2022) 79 Cal.App.5th 688, 692 [party cannot argue prejudicial error in instructions jointly submitted by counsel for both parties].)  Appellants assert that under Code of Civil Procedure section 647, all instructions are deemed excepted to,~(AOB 15)~ but that provision "means only that 'an appellant is deemed to have excepted to the instructions he has not requested or agreed to.'" (*Martinez v. Rite Aid Corp.* (2021) 63 Cal.App.5th 958, 970, fn. 3.)  "[A] party who acquiesces in the giving of a jury instruction may not later appeal the giving of that

instruction." (*Green v. Healthcare Services, Inc.* (2021) 68 Cal.App.5th 407, 419.) Because appellants appear to have requested the instructions given, and they have not shown they objected to the instructions or proposed different instructions, they have forfeited any challenge to the jury instructions on appeal.

Appellants also argue the trial court erred when it denied their motions for a new trial and judgment notwithstanding the verdict, but in their opening brief they make only conclusory statements asserting error, none of which are supported by factual or legal analysis or citations to the record. "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. Rather than scour the record unguided, we may decide that the appellant has waived a point urged on appeal when it is not supported by accurate citations to the record. [Citations.] Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287; see also *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205 [" '[F]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief' " may be deemed abandonment].) Appellants have forfeited these contentions.

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



WILEY, J.



SCHERB, J.