Filed 8/29/22  Briceno v. Wells Fargo Bank, N.A. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RANDY BRICENO,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant and Respondent. | B314222<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV24288) |

APPEAL from an order of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Affirmed.

Randy Briceno, in pro. per., for Plaintiff and Appellant.

Fisher & Phillips, Aymara Ledezma and Danielle S. Krauthamer for Defendant and Respondent.

———————————

Plaintiff Randy Briceno appeals from the order of dismissal entered after the trial court sustained without leave to amend the demurrer filed by defendant Wells Fargo Bank, N.A. (Wells Fargo) to Briceno's fifth amended complaint.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

On July 12, 2019, Briceno, acting in propria persona, initiated this action by filing a civil complaint against Wells Fargo.  Briceno then filed a series of amended complaints without seeking leave to amend.  The trial court struck all of the pleadings filed by Briceno except for the third amended complaint, which it deemed the operative complaint.

On January 15, 2020, Wells Fargo submitted a demurrer to the third amended complaint.  Briceno did not file an opposition.  On February 19, 2020, the trial court sustained the demurrer to the third amended complaint on the grounds that the complaint failed to state a cause of action and failed to allege sufficient facts to give Wells Fargo notice of its alleged wrongful conduct.  The court granted Briceno leave to further amend the complaint.

On February 13, 2020, prior to the trial court's ruling on the demurrer to the third amended complaint, Briceno filed a fifth amended complaint.  The body of the fifth amended complaint consisted of a single handwritten paragraph:  "The defendant is a corporation.  Plaintiff has suffered wage loss & other damages.  Plaintiff still is suffering wageloss [*sic*] & other damages.  Specified intentional infliction of emotional distress,

---

[1] The description of the factual and procedural background is based on the documents included in the appendix filed by Wells Fargo concurrently with its respondent's brief.  Although Briceno also filed a one-page document entitled "APPENDIX" with his opening brief, he did not attach any documents to his appendix.

2

mental faculty & harm is consecutive. I need defendants to stop & repair wageloss [*sic*] & damages. Also case needs to be solved, because Plaintiff faces a substantial threat of irreparable damages & wageloss [*sic*]. Plaintiff prays for judgement [*sic*] for costs of suits; for compensatory personal injury, in the amount of $G64 [*sic*]."

On April 16, 2021, Wells Fargo filed a demurrer to the fifth amended complaint. Wells Fargo argued that the fifth amended complaint did not state a cause of action, and was ambiguous and unintelligible. Briceno again did not file an opposition, and he did not appear at the hearing on the demurrer. On May 11, 2021, the trial court sustained the demurrer to the fifth amended complaint without leave to amend. The court found the fifth amended complaint failed to allege facts sufficient to constitute a cause of action, and was uncertain because it did not provide Wells Fargo with notice of its alleged wrongful conduct.

On June 21, 2021, the trial court granted Wells Fargo's request to dismiss the action with prejudice. Briceno appeals from the order of dismissal.

## DISCUSSION

### I. Briceno failed to provide an adequate record or any reasoned argument to support his appeal.

It is a fundamental rule of appellate review that an appealed judgment or order is presumed correct, and error must be affirmatively shown. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson*, at p. 609.) To overcome this presumption, the appellant has the burden of providing the appellate court with an

adequate record demonstrating error.  (*Ibid*.; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)  " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' "  (*Jameson*, at p. 609.)

It is also the appellant's burden to provide reasoned argument and citations to relevant legal authority to support that argument.  (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721.)  On appeal, " ' " 'the party asserting trial court error may not . . . rest on the bare assertion of error but must present argument and legal authority on each point raised.' " ' "  (*Hoffmann v. Young* (2020) 56 Cal.App.5th 1021, 1029.)  Accordingly, "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited."  (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075.)  These "same rules apply to a party appearing in propria persona as to any other party."  (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)

On appeal, Briceno seemingly seeks to challenge the trial court's ruling sustaining Wells Fargo's demurrer to the fifth amended complaint without leave to amend.  Briceno did not, however, provide an adequate record for appellate review of any purported claim of error.  The California Rules of Court require an appellant who uses an appendix to include, among other items, any document filed in the superior court which "is necessary for proper consideration of the issues."  (Cal. Rules of Court, rule 8.124(b)(1)(B).)  At the start of his opening brief, Briceno attached a portion of the register of actions from the superior court file.  At the end of his brief, Briceno also attached a one-page document entitled "APPENDIX" that listed by name

some of the documents that must be included in an appendix, such as the notice of appeal and the appealed judgment or order. (Cal. Rules of Court, rules 8.124(b)(1)(A), 8.122(b)(1).) Apart from the register of actions, however, Briceno did not actually attach any documents to his appendix or his brief. He therefore failed to satisfy his burden of providing this court with a record that would permit meaningful review of his appeal. On that basis alone, the trial court's ruling should be affirmed. (*Jameson v. Desta, supra*, 5 Cal.5th at p. 609 [" ' "if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed" ' "].)

In his briefing on appeal, Briceno also fails to articulate any coherent argument to support a claim of error. Briceno's brief primarily consists of excerpts of provisions contained in the Penal, Labor, Evidence, Civil Procedure, and Civil Codes. Briceno did not cite any of these statutory provisions in his fifth amended complaint, nor does he explain on appeal how they pertain to any purported cause of action in his complaint or any alleged wrongful conduct by Wells Fargo. Briceno simply reiterates the vague allegations in his complaint that his case "needs to be solved" because he faces "a substantial threat of irreparable nervous system damages and wage loss." While Briceno's brief also includes a few cursory references to the end of a "customer [r]elationship with Wells Fargo," he does not explain what action, if any, Wells Fargo took to end that relationship or how any such action gives rise to a cognizable legal claim. "It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness." (*Delta Stewardship Council Cases, supra*, 48 Cal.App.5th at p. 1075.) Because Briceno failed to present any reasoned argument as to

why the trial court erred in sustaining the demurrer to his fifth amended complaint, he has forfeited any challenge to that ruling on appeal.

## II. The trial court did not err in sustaining Wells Fargo's demurrer to the fifth amended complaint without leave to amend.

Even if not forfeited, any claim of error in the trial court's ruling on the demurrer fails on the merits. " 'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.' " (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.) "Where the demurrer was sustained without leave to amend, we consider whether the plaintiff could cure the defect by an amendment. The plaintiff bears the burden of proving an amendment could cure the defect." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.)

Here, the trial court properly sustained Wells Fargo's demurrer to Briceno's fifth amended complaint without leave to amend because the complaint failed to allege facts sufficient to state a cause of action and was uncertain. (Code Civ. Proc., § 430.10, subds. (e), (f).) Generally, a " 'complaint . . . need only contain a "statement of the facts constituting the cause of action, in ordinary and concise language" [citation] and will be upheld " 'so long as [it] gives notice of the issues sufficient to enable preparation of a defense.' " ' " (*Morris v. JPMorgan Chase Bank, N.A.* (2022) 78 Cal.App.5th 279, 292.) Briceno's fifth amended complaint, however, failed to satisfy these minimum pleading requirements, and failed to sufficiently apprise Wells Fargo of any claims being alleged. While Briceno vaguely stated in his complaint that he suffered "wage loss" and "other damages"

due to some sort of "personal injury," he did not tether these allegations to any specific cause of action or to any alleged wrongful conduct by Wells Fargo. Moreover, although Briceno's fifth amended complaint included a single reference to "intentional infliction of emotional distress," it did not allege any facts to establish the elements of such claim. The complaint is devoid of any factual allegations describing the nature of Briceno's relationship with Wells Fargo or the manner in which Wells Fargo caused Briceno to suffer the damages claimed.

Briceno did not argue below, and does not argue on appeal, that he should be granted leave to further amend his complaint. He also fails to identify what additional facts, if any, he could allege in his complaint to state a cause of action against Wells Fargo under any legal theory. Because Briceno has had multiple opportunities to amend his complaint and has not demonstrated how further amendment could cure the existing defects, the trial court did not err in sustaining Wells Fargo's demurrer to the fifth amended complaint without leave to amend.

## DISPOSITION

The order of dismissal is affirmed.  Respondent to recover its costs on appeal.

NOT TO BE PUBLISHED.


ADAMS, J.*

We concur:


EDMON, P. J.


EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.