Filed 10/13/23  Marriage of Lin CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re Marriage of JIAN CHENG LIN and GERRI LIN. | B318749 <br><br> (Los Angeles County Super. Ct. Nos. BD569990, KC065922) |
| JIAN CHENG LIN, <br><br> Respondent, <br><br> v. <br><br> GERRI LIN, <br><br> Appellant. |  |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christine Byrd, Judge.  Affirmed.

Gerri Lin, in pro. per., for Appellant.

Jian Cheng Lin, in pro. per., for Respondent.

————————————————

Gerri Lin appeals from a trial court judgment entered following contested marital dissolution proceedings. Lin has failed to demonstrate trial court error, therefore we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In August 2012, Jian Cheng Lin filed a petition seeking dissolution of his marriage to Gerri Lin.[1] In October 2016, the trial court entered a judgment as to status only, reserving jurisdiction over remaining contested issues.

In August 2021, the court presided over a trial on the reserved issues and issued a judgment in December 2021. An attachment to the trial court judgment summarized the proceedings and detailed the court's rulings. We quote from the attachment at length:

"Trial was held on the following issues . . . [¶] 1.5.1. Identification, characterization, and division of community property and debt; [¶] 1.5.2. Respondent's request for spousal Support; [¶] 1.5.3. Respondent's claim of breach of fiduciary duty against Petitioner; and [¶] 1.5.4. Respondent's request for attorney's fees. . . . [¶] . . . [¶] 2.1. The court heard and considered all testimony presented, all exhibits admitted into evidence, and determined the credibility of each of the witnesses, taking into consideration their demeanor and the other matters identified in Evidence Code §§ [412], 413, 780, and related sections. . . . [¶] 2.2. With respect to credibility, the Court found Petitioner [Jian Cheng] to be a credible witness but found Respondent [Gerri] not to be a credible witness."

The trial court listed several examples of the behavior that led to the court's credibility findings, including Gerri's false

---

[1] For clarity we refer to the parties by first names only for the remainder of this opinion. No disrespect is intended.

2

representations regarding the content of documents, her refusal to follow the court's orders regarding trial exhibits or to provide copies of exhibits to Jian Cheng, her inability to establish the authenticity of her digital exhibits, and her intentionally disruptive and disrespectful conduct in court.

The trial court made numerous findings distributing the parties' real property and other community property and debt. The court further ordered equalization payments and, following a detailed analysis, ordered Jian Cheng to pay spousal support to Gerri. The court retained jurisdiction over spousal support as the marriage was one of long duration.

The court further addressed Gerri's breach of fiduciary duty claim: "3.5.1. [Gerri] claims that [Jian Cheng] engaged in massive financial fraud and breaches of fiduciary duty during marriage. [Gerri] claims, in essence, that [Jian Cheng] was having an affair with one or more individuals at his medical practice and used them to divert $150 million that should have gone to the community estate and, instead, the funds were used to purchase real estate in the names of the employees.

"3.5.2. On April 7, 2013, [Gerri] filed a civil action, [case No.] KC065922, against various individuals who, she claimed, had benefitted from extramarital relationships with [Jian Cheng], and also against their family members (hereinafter the 'Defendants'). The case was deemed 'related' to the family law dissolution and was assigned to this Court as a related matter.

"3.5.3. In 2014, [Gerri] issued hundreds of subpoenas for financial information on all the Defendants. On October 14, 2014, in connection with the granting of a motion to quash, [Gerri] was prohibited from obtaining the issuance of any further subpoenas without first obtaining leave of court.

3

"3.5.4. In 2016, [Gerri] filed a motion requesting the authority to re-issue subpoenas to just five financial institutions . . . . the motion was granted subject to a protective order on the use and disclosure of the documents produced. [¶] 3.5.5. On May 8, 2018, the civil action was dismissed pursuant to [Code of Civil Procedure] § 583.360 for failure to prosecute.

"3.5.6. At trial, [Gerri] sought to present various documents that she claimed had been obtained by subpoenas in the civil action and that, she claimed, would demonstrate the diversion of funds. The documents were in digital form only, were not marked with exhibits numbers, had no sequential numbering of pages, and had not been provided to [Jian Cheng] before trial. [¶] 3.5.7. According to [Gerri], she had received over 400,000 pages of documents from the hundreds of subpoenas, which are in 110 boxes in her garage. Respondent had the documents digitized and placed on a credit card sized unit that she calls a '2 Terabyte USB Port.' As discussed above, she never provided a copy of the digital exhibits to [Jian Cheng], claiming that providing a copy would allow him to alter the data.

"3.5.8. [Gerri] sought to display the documents on a large monitor in the courtroom but continued to refuse to provide any copies to [Jian Cheng] or even to the clerk. The Court's attempts to state on the record what was being shown were met with shouts and interruptions and even occasional insults. When asked to provide affidavits from the custodian of records for the subpoenaed records, [Gerri] provided them only for four entities . . . ."

Although at trial Gerri displayed 1099s related to medical groups where Jian Cheng worked, the court concluded "[t]he documents did not demonstrate any wrongdoing by [Jian

4

Cheng].ʺ  The court noted that Gerri called Jian Cheng as a witness, but she asked him almost no questions.  Instead, Gerri yelled, shouted, repeated her claims, and read from documents displayed on a monitor in the courtroom.

The court continued: "[Gerri's] own testimony consisted of argument and claims and complaints of unfairness instead of substantive evidence.  When she was instructed to show her best piece of evidence to establish her claim, she provided none of the digital bank records.  Instead, she provided [Jian Cheng's] tax return for 2013 . . . claiming that it showed that he had profited from selling a business, contrary to his testimony that the business was unprofitable.  The tax return did not show any such sale.

"3.5.14. Having considered all the evidence presented, including credibility, and in the exercise of its discretion, the Court finds that [Gerri's] claim of breach of fiduciary [duty] has not been established by a preponderance of the evidence and it is denied."

The court denied Gerri's request for attorney fees.  Gerri timely appealed from the judgment.

## DISCUSSION

It is a fundamental rule of appellate review that an appealed judgment or order is presumed correct, and error must be affirmatively shown.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson*, at p. 609.)  On appeal, " ' "the party asserting trial court error may not . . . rest on the bare assertion of error but must present argument and legal authority

5

on each point raised." ' " (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277; *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721.) Accordingly, "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited." (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 (*Delta Stewardship*).) These "same rules apply to a party appearing in propria persona as to any other party." (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205 (*Flores*).)

Gerri's opening brief on appeal is 146 pages, consisting mostly of lists and descriptions of exhibits, without accompanying discussion or argument.[2] To the extent there is any argument, Gerri appears to re-assert her contention raised below that Jian Cheng improperly hid or diverted assets and funds that should have been included in the community estate. However, an appeal reviews the correctness of a trial court judgment. It is not a second opportunity to litigate the appellant's allegations. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) Gerri fails to provide any argument asserting the lower court erred in rejecting her claims at trial.

---

[2] In addition to submitting a clerk's transcript and reporter's transcripts of proceedings between July 23, 2014, and September 20, 2021, Gerri also lodged with this court six volumes of appendices and an external USB drive. The appendices and external drive collectively contain over 1,000 "exhibits," additional copies of some of the reporter's transcripts, various briefs and minute orders, and several documents which are clearly outside of the record, such as correspondence from the Assistant Presiding Judge of the Los Angeles Superior Court responding to complaints Gerri filed.

6

The only other argument we can discern from Gerri's appellate briefing appears to be an assertion that an attorney representing a third party improperly used the court's "block stamp," and used a "false date stamp" in connection with subpoenas Gerri served for bank records. No further explanation or argument is provided in Gerri's briefing. Her citations to the record do not help explain the argument. For example, in support of Gerri's assertion that the attorney engaged in unspecified "wrongdoing," the court was complicit, and a miscarriage of justice resulted, Gerri simply cites exhibits 1 through 75. (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 745 [appellate court cannot be expected to search through voluminous record to discover evidence on point raised when brief does not refer to pages where point can be found in the record].) In the absence of any intelligible discussion, Gerri's assertions do not create a cognizable argument on appeal.

Moreover, the trial court considered, and rejected, at least one of Gerri's arguments regarding improper use of the court's "block stamp" at a September 2021 hearing on a third party's motion to enforce a judgment lien. The order granting a judgment lien is not a subject of this appeal, however Gerri appeared to raise the "block stamp" issue at the hearing, asserting she owed nothing because the third party's counsel "acted as a judge himself by using the block stamp to sign these documents." The court responded that it had looked at the issue of the block stamp and explained: "[The case file] reflects that the judgment as corrected was filed on June 22nd, 2018. And it has an original signature from me. There is a conformed copy of that judgment. And the conformed copy shows the block stamp. [¶]

7

That is the normal, traditional, correct procedure for court documents which is that only the original has a signature and that the conformed copy has the block stamp.  [¶] The court is aware of no reason why [this] case should be handled differently than any other."  On appeal, Gerri neither acknowledges the trial court's explanation, nor asserts that the trial court erred in rejecting her claim of "fraud or forger[y]."

"It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness." (*Delta Stewardship*, *supra*, 48 Cal.App.5th at p. 1075.)  Merely stating allegations and listing pieces of evidence without offering any reasoned argument is insufficient to create a cognizable issue for appellate review.  This court is not obligated to "cull the record for the benefit of the appellant . . . .  As with any appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error." (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 230; *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [appellate court will not develop appellant's arguments].)  Gerri has failed to demonstrate any error and has forfeited any points raised by failing to support them with reasoned argument and citations to authority.  We therefore affirm the judgment. (*Flores*, *supra*, 224 Cal.App.4th at p. 205.)

## DISPOSITION

The judgment is affirmed. Respondent Jian Cheng Lin to recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

LAVIN, Acting P. J.

EGERTON, J.

9