Filed 12/1/25  Potts v. City of Bakersfield Code Enforcement CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JASMINE POTTS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITY OF BAKERSFIELD CODE ENFORCEMENT,<br><br>Defendant and Respondent. | F089677<br><br>(Super. Ct. No. BCV-24-101922)<br><br>**OPINION** |

## THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Bernard C. Barmann, Jr., Judge.

Jasmine Potts, in pro. per., for Plaintiff and Appellant.

Virginia A. Gennaro, City Attorney, Office of the City Attorney City of Bakersfield, for Defendant and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Snauffer, J. and DeSantos, J.

Plaintiff and appellant Jasmine Potts filed this action against the City of Bakersfield Code Enforcement (defendant and respondent).[1] The City of Bakersfield filed a demurrer to Potts's first amended complaint. The trial court sustained the demurrer without leave to amend. Potts appealed. We affirm.

## BACKGROUND

On June 11, 2024, Jasmine Potts filed a complaint against the City of Bakersfield Code Enforcement (City). On September 17, 2024, Potts filed a first amended complaint (FAC). *The FAC is not included in the record on appeal*, but its filing is reflected on the register of actions for the case.

On November 8, 2024, Potts filed a proof of service indicating service of a complaint and other papers on City, on September 17, 2024. More specifically, the proof of service indicated an "Ana Tellez" was personally served that day.

On November 20, 2024, in its first appearance in the case, City filed a "certificate of inability to respond … to complaint." (Capitalization omitted.) In the filing, City noted that "to date," it "ha[d] not been properly served in this action." City further stated: "After recently reviewing the docket, the City became aware of the Court's acceptance of a Proof of Service that indicates the City was personally served on September 17, 2024 by and through a person named Ana Tellez. To [City's] knowledge, no one by that name works for the City and the City has never been properly served with the Complaint and Summons."

In its certificate of inability to respond, City added: "The City is therefore filing this Certificate of Inability to Respond[,] to protect the City from a potential default, and to request time for the City to resolve and/or respond to the procedural defects in this case." City continued: "The City is aware of a Case Management Conference scheduled for December 9, 2024, at 8:30 a.m. and intends to appear at that time to address these

---

[1] Potts was self-represented in the trial court and is self-represented on appeal.

2.

issues with the Court." Finally, City stated: "Without conceding to proper service on the City, the City requests an extension of time following the Case Management Conference scheduled on December 9, 2024, up to and including January 8, 2025, to file an appropriate response or responsive pleading if necessary, unless otherwise ordered by the court." On December 2, 2024, the trial court granted the City's request.

On December 4, 2024, Potts filed a proof of service indicating that City was personally served with the "Amended Complaint" on September 16, 2024. On December 5, 2024, Potts filed an "ex parte application to vacate extension order," in which she sought "an order vacating the ruling granting [City] an extension of time [to respond,] up to and including January 8, 2025[.]" The trial court denied Potts's ex parte application on December 6, 2024.

On January 8, 2025, City filed and served a demurrer to the FAC. The trial court held a hearing on the demurrer on March 5, 2025. The court announced its tentative decision in open court. Thereafter, the court heard argument from the parties. Following argument, the court noted it was "satisfied with its tentative as the ruling of the court and adopts its tentative as stated." The court sustained the demurrer without leave to amend and issued a minute order reflecting its ruling. However, since there is no reporter's transcript of the hearing in the record on appeal, the specifics of the court's tentative ruling, as announced in open court, are not reflected in the record.

The trial court subsequently entered, on March 12, 2025, an order formalizing its ruling. The court's March 12, 2025 order provided: "The Court finds each of Defendant's arguments and the supporting authority, persuasive and controlling. Plaintiff fails to overcome the issues presented in the City's Demurrer and fails to offer a viable basis to amend." The court's order concluded: "Defendant City of Bakersfield's Demurrer is sustained, and the [FAC] is dismissed without leave to amend."

On April 16, 2025, Potts filed a notice of appeal directly from the trial court's order entered on March 12, 2025. The court's order addressed only its sustainment of

3.

City's demurrer without leave to amend.  It appears Potts filed her notice of appeal prior to entry of the court's judgment of dismissal.  Potts does not provide a record citation for any judgment; nor does a judgment appear in the record.  *In any event, Potts's notice of appeal is from the trial court's order on City's demurrer, not from a judgment of dismissal.*

## DISCUSSION

### I.    Sustainment of Demurrer Without Leave to Amend:  Standard of Review

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled."  (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)  "When a demurrer is sustained, we determine [de novo] whether the complaint states facts sufficient to constitute a cause of action."  (*Ibid*.)  In doing so, we "give the complaint a reasonable interpretation, reading it as a whole and its parts in their context."  (*Ibid*.)  "Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law."  (*Ibid*.)

When a demurrer is sustained without leave to amend, we review the denial of leave for abuse of discretion.  (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1469.)  It is an abuse of discretion for the trial court to sustain a demurrer without leave to amend "if there is a reasonable possibility the plaintiff can amend the complaint to allege any cause of action."  (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711; see *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  "To prove such abuse of discretion, however, the plaintiff must demonstrate how the complaint can be amended.  [Citation.]  While such a showing can be made for the first time to the reviewing court [citation], it must be made."  (*Smith*, *supra*, at p. 711.)  "To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect

4.

of his pleading.' " (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)

## II.   Trial Court's Sustainment of Demurrer to FAC:  Inadequate Record

### A.   The Parties' Arguments

Potts challenges the trial court's sustainment of City's demurrer to the FAC. Specifically, Potts contends:  "The trial court erred in sustaining the City's demurrer because [Potts's FAC] adequately states facts sufficient to constitute causes of action for violation of due process, equal protection, and violation of local and state law, supported by specific factual allegations."

City, for its part, argues:  "[T]his appeal should be summarily dismissed for failure to procure an adequate record.  [Potts's] failure to provide an adequate appellate record on an issue requires that the Court of Appeal resolve that issue against [her].  (*Jameson v. Desta* [(2018) 5 Cal.5th 594, 609].)"  City adds:  "Here, [Potts] opted to move forward with a Clerk's Transcript but failed to designate the [FAC] for inclusion in the record. [Potts] also opted to proceed without a record of oral proceedings despite the fact that [she] requested, and was granted, a court reporter for the hearing on the City's demurrer to the [FAC]."

City further explains:  "The City realized that the record was incomplete upon service of the Clerk's Transcript.  The City alerted the Superior Court of the error and served [Potts] with a request to include the [FAC] in the record[.]  The Superior Court declined to include the [FAC] on the basis that it was not designated by [Potts] and therefore exclusion from the record was not an error.  Ultimately, it is [Potts's] burden to procure the record and demonstrate reversible error, which in this case requires an evaluation of the claims in the [FAC].  [Potts] failed to do so, despite notice of the incomplete record on appeal."

City notes:  "[The reviewing court must undertake] a de novo review of the complaint that was dismissed—this is not possible if the subject complaint is not before

the court for review on appeal." City adds: "[Potts's] failure to provide an adequate appellate record on an issue requires that the Court of Appeal resolve that issue against [her]. (*Jameson v. Desta*, *supra*, 5 Cal.5th at [p.] 609.)" City continues: "In this instance, failure to provide the [FAC] means this Court should resolve issues in favor of the City and uphold dismissal of the [FAC] without leave to amend." City cites *The Travelers Indemnity Co. v. Lara* (2022) 84 Cal.App.5th 1119, 1133 and *Rozanova v. Uribe* (2021) 68 Cal.App.5th 392, 400, in support of its argument.

Potts, in her reply brief, responds: "[City] urges dismissal because the [FAC] is 'not in the record.' That assertion is incorrect. The record before this Court is adequate to permit meaningful appellate review. The only change between the original complaint and the [FAC] was a technical correction of the defendant's name, from 'Bakersfield City Code Enforcement' to 'City of Bakersfield Code Enforcement.' [City] did not accept service under the misnamed designation, and as a self-represented litigant[, Potts] properly sought to amend the complaint to correct the name of the defendant. The body of the complaint—including every factual allegation and cause of action—remained identical in all respects."

### B.     Analysis

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on [the] appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta*, *supra*, 5 Cal.5th at pp. 608–609.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Id*. at p. 609.) " 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Ibid*.)

Here, Potts challenges the trial court's sustainment of City's demurrer to the FAC without leave to amend. However, the FAC is not in the record on appeal. Potts's failure to designate the FAC for inclusion in the record on appeal has resulted in the lack of an adequate record for review of the issue in question. We therefore conclude that Potts has forfeited this issue for purposes of appeal.

However, as discussed below, even were we to overlook the forfeiture and credit Potts's contention that the complaint[2] and FAC are substantively identical and substitute the complaint for the FAC for purposes of review, we conclude Potts has not shown error on the part of the trial court.

### III.   Trial Court Properly Sustained City's Demurrer Without Leave to Amend

As noted, Potts challenges the trial court's sustainment of City's demurrer to the FAC without leave to amend. Since the FAC is omitted from the record on appeal and given Potts's contention that the complaint and FAC are substantively identical, we will proceed with review of this issue by viewing the complaint as the FAC.

#### A.   The Complaint

Potts's complaint states: "This is an action for declaratory and injunctive relief arising from the failure of the Kern County Bakersfield Building Enforcement to provide written notice of a code violation following verbal confirmation of the same. [Potts] seeks to enforce her rights to due process and equal protection under the California Constitution, local ordinances, and state law." Potts's complaint further states that a code enforcement officer had visited her apartment and made certain observations about various problems in the kitchen and the bathroom and had also taken photographs.

In addition, the complaint states that Potts "asked the officer if she would document the mold issue." The complaint continues: "The officer stated that she could not write [the landlord] up specifically for mold. The officer promised to send [Potts] a

---

[2]   The complaint is included in the record on appeal.

7.

copy of the report." The complaint adds: "[Potts] never received the promised report from the officer. *[Potts] had to go down to the code enforcement office to retrieve the report*." (Italics added.) The complaint states that Potts lived on Laurelglen Boulevard at the time of filing of the complaint.

The complaint asserts a cause of action for "violation of due process rights." (Capitalization omitted.) This cause of action as alleged in the complaint consists of two sentences as follows: "[Potts's] right to due process under the California and U.S. Constitutions includes the right to receive clear, written notification of any alleged code violations. The failure to provide such notice deprives [Potts] of the opportunity to understand the allegations and to respond or appeal accordingly."

Next, the complaint asserts a cause of action for "violation of equal protection rights." (Capitalization omitted.) This cause of action as alleged in the complaint also consists of two sentences, as follows: "The inconsistent application of code enforcement procedures, whereby some residents receive written notices and others do not, violates the equal protection clause of the California Constitution. This practice results in unequal treatment and enforcement."

The complaint also asserts a cause of action for "violation of local ordinances and procedures." (Capitalization omitted.) This cause of action as alleged in the complaint is two sentences long as well: "Kern County Code of Ordinances, specifically Titles 8 (Health and Safety) and 19 (Building Regulations), mandates written notices for code violations to ensure clarity and legal compliance. [City's] failure to issue such notice constitutes a breach of these ordinances."

Finally, the complaint asserts a cause of action for "violation of California Code of Civil Procedure." (Some capitalization omitted.) This cause of action as alleged in the complaint is also two sentences long: "State law, including Government Code section 53069.4, requires formal written notices for administrative citations. [City's]

failure to comply with this requirement has deprived [Potts] of proper notice and an opportunity to address the alleged violation."

In its prayer for relief, the complaint seeks, first, "a declaratory judgment that [City's] failure to provide written notice of the alleged code violation violates [Potts's] due process and equal protection rights under the California Constitution, local ordinances, and state law." Second, the complaint seeks, "injunctive relief requiring [City] to issue formal written notice of any alleged code violations to [Potts], including details of the violation, supporting evidence, and steps for compliance."

### B.    *Correspondence Between the Bakersfield City Attorney and Potts*

As noted on January 8, 2025, City filed a demurrer to the FAC. City's attorney filed a declaration in support of the demurrer, along with a copy of her email correspondence with Potts. On December 16, 2024, City's attorney sent an email to Potts regarding the FAC. In her email, City's attorney stated:

> "Thank you [Ms. Potts] for speaking with me earlier today. Based on the information you shared, I was able to get a copy of the Case History Report with the case number you provided .… It appears that the code enforcement case is for [an apartment on White Lane in Bakersfield]. You are listed as the Reporting Party (RP) requesting inspection for deteriorated cabinets and mold in the kitchen and bathroom .…

> "The address identified in your [FAC] is [an apartment on Laurelglen Boulevard]. I believe this explains why I couldn't track down the case previously, but it also means that I believe there is an error in your Complaint. As I mentioned earlier, there is no record of a code enforcement complaint or inspection for the Laurelglen address listed in the Complaint. [¶] … [¶]

> "The only cited violation in the above Code [Enforcement] case was for general dilapidation, and a corrective notice was sent to the property owner (as legally required), but a copy was also mailed to you as the tenant at that address. My understanding is that you were no longer living there by that time, which may be the reason you did not receive it."

9.

### C. Potts's Arguments Challenging Trial Court's Order Sustaining City's Demurrer Without Leave to Amend

Potts contends she has alleged "legally cognizable" causes of action in the complaint.  (Capitalization omitted.)  Specifically, she argues:

> "[Potts's] Complaint clearly identifies the defendant as the City of Bakersfield Code Enforcement.  It details specific conduct by the defendant, including a verbal acknowledgment of the presence of mold and prior violations, the taking of photographic evidence by the officer, and a specific promise to issue a written report.  The Complaint establishes the resulting deprivation by alleging that the promised report was never provided, thereby depriving [Potts] of formal written notice and the opportunity to respond or seek corrective action.  Finally, the Complaint specifies the statutory and constitutional bases for relief, citing violations of the California Constitution (due process and equal protection), Titles 8 and 19 of the Kern County Code of Ordinances, and Government Code section 53069.4.  These factual allegations, taken as true, are sufficient to survive a demurrer."

As to her violation of due process claim, Potts argues:  "Code enforcement proceedings may implicate property and health-related rights.  [Potts] alleged that a City official identified health-related violations, including the presence of mold and plumbing issues, but failed to formally report those violations.  Although the official promised to issue a formal report documenting the findings, no such report was ever delivered.  As a result, [Potts] was forced to retrieve the report herself without having received any official notice or instruction from the City.  [¶]  This deprived [Potts] of notice and an opportunity to be heard, which are the minimum procedural protections required by due process."

With regard to her claim for "violation of local ordinances and procedures" (some capitalization omitted), Potts argues:  "[City] argued that the Kern County Code does not apply to the City of Bakersfield Code Enforcement, but this is a factual dispute not suitable for resolution at the demurrer stage.  [Potts] alleged violations of Titles 8 and 19—local provisions addressing public health and housing conditions.  If [City] asserts it

10.

is governed solely by the Bakersfield Municipal Code, that is a matter for judicial notice or evidence—not grounds for demurrer."

With respect to her claim concerning Government Code section 53069.4, Potts asserts: "[Potts] alleged that she was denied written notice despite the existence of a citation-worthy violation." Potts adds: "Once City undertook the enforcement activity by confirming a violation and promising follow-up documentation, it was required to provide formal written notice pursuant to Government Code § 53069.4(a)(1). Without written notice, [Potts] could not challenge the violation, depriving her of meaningful recourse."

Potts also argues: "The court erred in finding the complaint 'uncertain' under CCP § 430.10(f)." (Some capitalization omitted.) Potts further contends: "[Potts's] complaint is clearly written and organized, with numbered sections, specific dates, quotes, and clear allegations. Any ambiguity cited by [City] could have been clarified through discovery, not resolved by striking the complaint altogether."

Finally, Potts argues the trial court should have given her leave to amend. Specifically she states: "[Potts's] allegations are specific, detailed, and supported by evidence, and could have been further substantiated with additional citations or clarification of the applicable ordinances and municipal code provisions if [Potts] had been granted the opportunity to amend. Denial of leave to amend under these circumstances was an error."

### D. City's Response to Potts's Challenges to Trial Court's Order Sustaining City's Demurrer Without Leave to Amend

City suggests that Potts did not appeal from a judgment of dismissal and therefore her challenge to the trial court's order sustaining the demurrer without leave to amend is not cognizable under Code of Civil Procedure section 904.1. Code of Civil Procedure section 904.1 provides that an appeal may be taken from a "judgment, except an interlocutory judgment," and specifies a limited list of prejudgment orders that are

11.

appealable. (Code Civ. Proc., § 904.1; *Modern Barber Col. v. Cal. Emp. Stab. Com.* (1948) 31 Cal.2d 720, 728 ["the Legislature has the power to declare by statute what orders are appealable, and, unless a statute does so declare, the order is not appealable"].)

City adds: "As to an order sustaining a demurrer without leave to amend, '[i]t is well settled law that an order sustaining a demurrer without leave to amend is nonappealable, and a formal judgment must be entered against the unsuccessful party from which the appeal can be taken.' (*Flores v. Department of Corrections and Rehabilitation* (2014) 224 Cal.App.4th 199, 203–204.)" City continues: "Nevertheless, an order sustaining a demurrer without leave to amend *may* be treated a final appealable order in the interest of judicial economy. (*Cardenas v. Horizon Senior Living, Inc.* (2022) 78 Cal.App.5th 1065, 1069.)" City further states: "In this case, *only* the order sustaining demurrer without leave to amend may be considered on appeal, and only if this court deems it appropriate to do so in the interest of judicial economy."

City argues: "In the event this Court … reaches the merits of [Potts's] appeal, it should find in favor of the City." City notes: "[Potts's FAC] was properly dismissed for failure to state facts sufficient to constitute a cause of action pursuant to CCP 430.10(e)." (Some capitalization omitted.) City continues: "The entirety of the [FAC] appears to center on a sparse factual allegation that a City code enforcement officer conducted an inspection of [Potts's] apartment and then failed to provide a copy of the pertinent code enforcement report. From these facts, [Potts] requested wide ranging declaratory and injunctive relief, without specifically identifying the basis for City liability or sufficient facts to demonstrate a violation of law." (Fn. omitted.) City observes: "Instead, [Potts] argues generally that the City violated her due process rights and equal protection rights, violated unspecified local ordinances and procedures, and violated Government Code section 53069.4. Even taken as true for purposes of demurrer, the facts are wholly insufficient to support [her] claims in the [FAC]."

City specifically addresses the due process claim asserted in Potts's FAC. More specifically, City notes: "There is no property right protected by law identified in the [FAC] that [Potts] argues was deprived, nor is there some other protected interest that is claimed to have been violated that would support a claim of substantive *or* procedural due process violations. These are threshold requirements under established case law in order to prove due process violations. (See, e.g., *Stamas v. County of Madera* ([E.D. Cal.] 2011) 795 F.Supp.2d 1047[, 1077]; *Denney v. Drug Enforcement Admin*. (E.D. Cal. 2007) 508 F.Supp.2d 815, 833.)"

City further argues: "In fact, it is not even clear in the [FAC] if [Potts] is alleging substantive or procedural due process violations. In any event, [Potts] does not identify any basis in law for a protected right to receive a particular code enforcement report, nor is there any allegation that the City imposed any action, fine, penalty, citation or other harm in which notice should or would have been required (i.e., no illegal or infringing government action)."

With regard to Potts's equal protection claim, City observes: "[Potts's FAC] contains an assertion that there is unequal treatment rising to the level of discrimination because some residents receive code enforcement reports and some do not. This claim is not supported by any factual or legal basis, and none is identified in the [FAC]. As argued in the City's demurrer, even 'selective enforcement' of the law does not necessarily rise to an equal protection claim, and the [FAC] does not make such an allegation. (See, e.g., *Stamas v. County of Madera*, *supra*, 795 F.Supp.2d [at p.] 1079.)" City concludes: "[Potts] did not allege any valid legal basis for her right to receive notice, nor is any specific legal duty identified that the City was required to perform. So too, as noted above, there are no allegations that the City imposed any action, fine, penalty, citation or other harm that has deprived [Potts] of equal protection under the law."

13.

City also addresses Potts's cause of action for "violation of local ordinances and procedures." (Some capitalization omitted.) City states: "There are no specific 'local ordinances and procedures' identified in the [FAC] to support a claim of local law violations." (Some capitalization omitted.) City adds: "The [FAC] references the 'Kern County Code of Ordinances, specifically Titles 8 … and 19' as bases for [Potts's] claims against the City.… The City of Bakersfield abides by the Bakersfield Municipal Code, not the Kern County Code. Nevertheless, such broad reference to volumes of codes does not contain sufficient facts or detail for the City to adequately ascertain the claim of liability."

As for Potts's claim concerning Government Code section 53069.4, City states: "Similarly, there are no factual allegations in the [FAC] to support a claim that the City violated Government Code section 53069.4, which is a permissive statute." City adds: "That statute permits but does not mandate local agencies 'to make any violation of any ordinance enacted by the local agency subject to an administrative fine or penalty.' However, [Potts] did not allege a single fact in the [FAC] which makes that statute applicable to this case, nor did [she] identify a local ordinance that allegedly violates the requirements of Government Code Section 53069.4." City continues: "And again, [Potts] did not make any allegation that the City imposed any action, fine, penalty, citation or other harm in which notice should or would have been required pursuant to local ordinance or Government Code section 53069.4."

With regard to Potts's claims of due process violation, equal protection violation, violation of local ordinances, and violation of Government Code section 53069.4, City sums up: "In short, even assuming the minimal facts in the [FAC] are true solely for purposes of demurrer, they do not rise to the level of a cognizable claim against the City and thus are properly subject to demurrer pursuant to CCP section 430.10(e)."

City additionally argues: "[Potts's FAC] was properly dismissed as uncertain and ambiguous pursuant to CCP section 430.10(f)." City explains: "As a result of the factual

14.

deficiencies set forth above, the City also argued in its demurrer that the [FAC] is rendered uncertain and ambiguous. While the City acknowledges that demurrers for uncertainty are generally disfavored, the [FAC] nevertheless must at least provide 'notice of the issues sufficient to enable preparation of a defense.' (*Morris v. JPMorgan Chase Bank, N.A.* (2022) 78 Cal.App.5th 279, 292.)"

City adds: "In this case, [Potts] wholly failed to allege the legal basis for City's liability, and thus also failed to provide sufficient notice to the City of the claims to enable preparation of a defense. As a result, City must guess or speculate as to possible causes of action in order to formulate a response. The [FAC] was properly dismissed as uncertain and ambiguous pursuant to CCP section 430.10(f)."

Finally, City argues: "The trial court did not abuse its discretion in denying leave to amend." (Some capitalization omitted). City continues: "In this case, the factual allegations in the [FAC], even if taken as true for purposes of demurrer, do not demonstrate any reasonable possibility of amendment that would rise to the level of a cognizable claim against the City. More significantly, [Potts] did not demonstrate or argue, either in response to the City's demurrer or in the Opening Brief, that there is a [specific] viable basis for amending the [FAC] to survive demurrer."

### E.     *Analysis*

Code of Civil Procedure section 430.10 provides, "[t]he party against whom a complaint … has been filed may object, by demurrer … to the pleading on … grounds [that] [¶] … [¶] (e) [t]he pleading does not state facts sufficient to constitute a cause of action[;] [and] (f) [t]he pleading is uncertain[, which] includes ambiguous and unintelligible." Here, the trial court granted City's demurrer under Code of Civil Procedure section 430.10, subdivisions (e) and (f). Having independently reviewed the complaint and the parties' arguments on appeal, we conclude that Potts has not shown the court erred in sustaining City's demurrer. Accordingly, we affirm the court's order sustaining City's demurrer. We further conclude that Potts has not shown the court

15.

abused its discretion in denying leave to amend. In turn, we affirm the court's denial of leave to amend.

## IV. Potts Challenges Nonappealable Rulings Made by the Trial Court

Potts argues, "the trial court erred in sustaining a demurrer without addressing [City's] default." (Capitalization omitted) Her argument, in its entirety, is as follows:

> "[Potts] filed her [FAC] and properly served [City] on September 16, 2024. [Citation.] [City] failed to respond within the 30-day statutory deadline. On November 22, 2024, [Potts] filed a timely Opposition to the Certificate of Inability to Respond and a Request for Entry of Default. [Citation.] Despite this, the trial court erred and granted [City's] Certificate of Inability to Respond while still in default and did so *Ex Parte* without properly filing or considering [Potts's] Opposition[.] [Citation.] [Potts] promptly filed an *Ex Parte* Application to Vacate the Order. [Citation.] The trial court erred in declining to act on the request and allowed [City] to proceed by filing a demurrer, which was sustained on February 4, 2025. [Citation.]

> "Under California law, a defendant in default has no standing to appear or respond unless the default is first set aside. [Citation.] Where a party fails to timely respond and no motion for relief is granted under Code of Civil Procedure § 473(b), the court must enter default pursuant to Code [of] Civil Procedure § 585. This sequence of procedural irregularities undermined [Potts's] right to seek default judgment under Code of Civil Procedure § 585 and allowed [City] to avoid the procedural consequences of failing to respond. The trial court's actions violated due process and constituted reversible error."

City, in response, focuses on the fact that Potts's appeal *arises from the trial court's order sustaining City's demurrer without leave to amend, rather than from a judgment of dismissal*. Specifically, City responds: "[Potts's] Opening Brief improperly and incorrectly challenges … <u>non-appealable</u> rulings to support her claims of prejudicial and reversible error. The lower court's action to grant the City an extension of time to file a responsive pleading, for example, is not a final appealable order, nor is the court's rejection of an improper request for default judgment. Appellant is attempting to relitigate the procedural posture of the case, and is conflating the issues on appeal in the

process. Those actions are not final appealable orders, nor are they relevant to the ultimate issues on appeal."

City's argument that Potts's challenge to the trial court's order granting City's request for an extension of time to respond to the FAC is not an appealable order is well taken. Furthermore, upon the granting of its request for an extension of time to respond to the FAC, City filed its demurrer in compliance with the court's order and, therefore, timely appeared in the matter. In any event, even assuming the court's order granting City's request for an extension of time was appealable, Potts has not demonstrated error by the court with respect to this order. In turn, to the extent Potts raises any arguments regarding putative default by City, those arguments are unavailing.

## DISPOSITION

The trial court's order sustaining City's demurrer to Potts's FAC without leave to amend is affirmed. Each party to bear its own costs on appeal.